## Sadsbury Township Roads—Toland's Appeal.

*Road law—Several roads in one proceeding—Act of June 13, 1836.*

Under the act of June 13, 1836, P. L. 555, conferring upon the court of quarter sessions jurisdiction to lay out roads, it is improper to join together in one proceeding, before the same viewers, two or more separate roads.

If such a proceeding were sanctioned, it would furnish an easy method of securing the location of a road with as many fixed intermediate points as the petitioners might desire. If they desired a road so located as to touch two or more intermediate points between the extreme termini, they might petition for three or more separate roads, so designating the termini of each as to make virtually one connected road between the extreme termini. In this way no room would be left for the exercise of the discretion vested by law in the viewers.

*Practice (Supreme Court)—Certiorari.*

Questions of fact cannot be considered on certiorari.

Argued Feb. 8, 1892. Appeal, No. 13, July T., 1891, by Eli Toland, from an order of Q. S. Chester Co., dismissing exceptions to the report of a road jury. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Petition for appointment of viewers to lay out three roads in Sadsbury township. The petition described the roads as follows:

(1) A public road to begin in the Octoraro road at or near the corner of the lot of the Upper Octoraro Church, and to end at a point in the line between the township of Sadsbury and the borough of Parkesburg, at or near the terminus of Octoraro avenue.

(2) To begin in the road leading to Sadsburyville, at or near a tree in the middle of said road on the line of land of John W. Parke, and to end on the line between the township of Sadsbury and the borough of Parkesburg, at or near a point where the White Hill avenue and Wright avenue join.

(3) To begin at or near a point on the line between the township of Sadsbury and the borough of Parkesburg, at or near where White Hill avenue and Wright avenue intersect, and to end in the Octoraro road at or near a point where Sadsbury avenue intersects with said road.

The jury reported in favor of three roads, with termini as designated in the petition, and vacated portions of three other roads, " which by reason of the laying out of the first mentioned three roads, have become useless."

The following exceptions were filed to the report:

1. " The petition and report combine several roads; whereas there should be separate petitions and reports for each road, so that petitioners who favor one of the roads may not be placed in the false position of favoring all the roads where they do not so favor in fact, as is the case with some of those who have signed this petition: —

Also, because the records of the court may be kept separate and individual as to each road upon which proceedings may be had in townships."

2. " One or more of these roads as laid out, does not end in any road or street that has been opened for public travel."

3. " The jury on one of the days of the view were entertained at J. W. Wright's house, he being a petitioner; which is in violation of the 5th section of rule I of the rules of the court of quarter sessions, which rule provides as follows, to wit: ' Viewers of roads shall be notified of their appointment by a constable or other disinterested person, and shall not be entertained by or at the expense of any person interested in the proceedings.' "

4. " The jury on one of the days of the view were entertained at the house of John K. Bair, he being a petitioner, which is in violation of the rule of court above cited."

5. " One of the jurors, Davis E. Allen, is a nephew by marriage of one of the petitioners, J. W. Wright."

The exceptions were dismissed. Eli Toland appealed.

*Errors assigned* were (1–5) dismissal of exceptions, quoting them.

*Wm. M. Hayes*, for appellants.—Several roads cannot be combined in one petition: Fleetwood Sts., 8 Pa. C. C. R. 211.

*J. Frank E. House, R. Jones Monaghan* with him, for appellee, cited, on the joinder of the three roads in one petition, West Goshen Roads, 7 Pa. C. C. R. 250; Paradise Road, 29 Pa. 20; as to confining the inquiry to the record, Rand v. King, 134 Pa. 641; Roaring Brook Road, 140 Pa. 632; Road in McCandless, 110 Pa. 605; Bradford Twp. v. Goshen Twp., 57 Pa. 495; Upper Dublin Road, 94 Pa. 126; Kensington Turnpike, 97 Pa. 260.

OPINION BY MR. JUSTICE STERRETT, March 7, 1892.

There appears to be nothing in the provisions of our general road law to indicate that the legislature ever intended that the jurisdiction conferred on the court of quarter sessions, in relation to laying out roads, should be exercised in a kind of wholesale way, by joining together in one proceeding, before same viewers, two or more separate roads. On the contrary, it clearly appears to have been intended that the jurisdiction of the court should from time to time be evoked by a petition for a single road. The act of June 13, 1836, P. L. 555, provides that the court, on being petitioned to grant a view "for a road," etc., shall appoint qualified persons to view the grounds proposed for "such road," and make report of their proceedings. It further provides, that the persons appointed shall view such ground, and, if they shall agree that there is occasion for "a road," they shall proceed to lay out the same, having respect to the shortest distance and the best ground for "a road," etc. In short, all the provisions relating to viewing and laying out new roads appear to contemplate a separate petition for each, and a single proceeding throughout, including the recording thereof.

In the case before us, the petition for the appointment of viewers embraced three separate and distinct roads, and the viewers reported in favor of each respectively, giving the termini, courses and distance of each separately. If that can be done, there is no good reason why one petition, and a single proceeding thereon, may not embrace thirty, or even a hundred, proposed roads, if it be possible for the petitioners to suggest the necessity for so many within the county.

Other things being equal, it cannot be doubted that the merits of each proposed road will be better considered in a sep-

arate than in a joint proceeding embracing one or more other separate and distinct roads. The chances for conflict of interest and consequent dissension would probably be increased nearly in proportion to the number of separate subjects of inquiry and determination embraced in one proceeding.

It is well settled that the route between the termini of a road is exclusively for the viewers. It is error for the court, in its order to the viewers, to designate any intermediate point. It is also improper for the petitioners to do so. If one intermediate point could be designated there might be many—so many, indeed, as to be practically tantamount to location of the entire road between the termini, thus leaving no room for the exercise of the discretion vested by law in the viewers: McConnell's Mill Road, 32 Pa. 285; Otter Creek Road, 104 Pa. 261.

If the practice sanctioned by the court below should be approved, it would furnish an easy method of securing the location of a road with as many fixed intermediate points as the petitioners might desire, and thus enable them to evade the principle recognized in the cases above cited. If they desired a road so located as to touch two or more intermediate points between the extreme termini, they might petition for three or more separate roads, so designating the termini of each as to make virtually one connected road between the extreme termini. But it is not necessary for us to suggest difficulties that might arise from the practice of embracing two or more separate roads in one proceeding. It is enough to know that it is not authorized by law.

What has been said disposes of the case. It is unnecessary to notice the remaining specifications of error. Some of them relate to questions of fact which cannot be considered on certiorari. It is too well settled to require citation of authorities that in such cases as this we have nothing except the record proper before us.

Order of court reversed, petition dismissed, and all subsequent proceedings set aside at the cost of the petitioners.