## Allegheny Township Road.

*Road law—Defective petition—Designation of termini to include road.*

A petition which discloses an attempt, and that not very well disguised,
to locate one fifth of a road in one of the termini, which is followed by
the viewers, makes the proceedings so defective that they must be set
aside by the appellate court on review.

Argued April 16, 1900.   Appeal, No. 44, April T., 1900, by
William B. Phillips, from order of Q. S. Westmoreland Co.,
Aug. T., 1898, No. 7, refusing report of viewers to vacate and
supply part of a public road in Allegheny township.   Before
RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D.
PORTER, JJ.   Reversed.   Opinion by W. D. PORTER, J.

Exceptions to report of road viewers.   Before McCONNELL, J.
Material facts appear in the opinion of the court.

The court below dismissed the exceptions and directed that
the report of the viewers be approved and the road be ordered
opened.   William B. Phillips appealed.

*Errors assigned* were (1) in approving the report of the view-
ers in this case.   (2) In dismissing appellant's first exception
to the report of viewers, which exception is as follows: "The
record is fatally defective because the petition fixes not only
the termini of the road but also a portion of the route over
which it is to run; and this portion of the route so designated
in the petition was actually adopted by the viewers as will ap-
pear by the record."   (3) In dismissing appellant's second ex-
ception to the report of viewers, which exception is as follows:
"One of the termini named in the petition and adopted by
the viewers, to wit: 'at the county bridge recently erected on
the Allegheny river' is not another public road or highway,

or any such public place as can by law be the terminus of a public road, because at No.      of the common pleas court of said county, the said W. B. Phillips brought an action of ejectment for the land upon which the end of the bridge stands and recovered a verdict in said action as will appear by the record, the order of the court thereon being : And now, June 24, 1899, the report of viewers is approved and the road ordered to be opened of the width fixed by the decree of November 19, 1898, indorsed on said report."

*James S. Moorhead*, with him *John B. Head*, for appellant.— The first question for consideration in this case is whether the petition locates any part of the route of this proposed highway, and whether the report adopts the location thus made. If they do, the decisions are abundant that the proceedings cannot be sustained: McConnell's Mill Road, 32 Pa. 285; Catharine Township Road, 76 Pa. 189.

*Denna C. Ogden*, for appellee.—The distinction between the two cases cited by the counsel for the appellant, McConnell Mill Road, 32 Pa. 285, Catharine Township Road, 76 Pa. 189, and the case at bar is at once observable.

We think the following citation much nearer to the point involved in this case than the two cited by the learned counsel for the appellant: Ralpho Township Road, 1 Mona. 427.

The Westmoreland end of said bridge was at least the terminus of the public road which connected it with Armstrong county, and was in fact, such a public place or highway, as entitled the petitioners to a connection therewith : Trickett on Pennsylvania Road Law, 23.

OPINION BY W. D. PORTER, J., July 26, 1900 :
The petition designated the proposed termini for the road in question in the following language : " Begin on the Greensburg and Freeport public road, at or near the stable of W. M. Dougall, and end at the county bridge recently erected over the Allegheny river, at or near the property of Sarah Phillips and William B. Phillips, in the township of Allegheny, including the abutment of said bridge and the land to low water mark." The precept to the viewers designated the proposed

termini in the exact language of the petition above quoted.
The appellant filed exceptions to the report of viewers, alleging
that the petition was fatally defective and the report of viewers
in accordance therewith irregular, for the reason that the peti-
tion fixed not only the termini of the road, but, also, a portion
of the route over which it was to run, and that this portion of
the route so designated in the petition was actually adopted by
the viewers; and, second, that one of the termini named in the
petition and adopted by the viewers, to wit: " at the county
bridge recently erected over the Allegheny river," was not a
public road or highway, or any such public place as can by law
be the terminus of a public road, for the reason that the ap-
pellant had, in the court of common pleas, brought an action
of ejectment and recovered a judgment for the land upon which
the bridge stood.   The learned court below, in an opinion filed,
overruled these exceptions and ordered the road to be opened
as located.   The overruling of the first exception is made the
subject of the first and second assignments of error, and the
overruling of the second exception is made the foundation for
the third assignment.

It appears from the undisputed facts in this case that there
was some irregularity in the location of the county bridge, and
there was a question whether that bridge throughout its en-
tire length and the passageway over the abutment, which was
a part of the bridge, constituted a public highway.   In order
to meet this difficulty it was by the petitioners deemed desir-
able that the road, which it was proposed by this proceeding
to open, should be laid out along the passageway over the
abutment, and actually carried out along the line of the bridge
to a point above low water mark on the Allegheny river, which
was some forty feet below.   In order to accomplish this re-
sult it was necessary that the terminus should be located on
the bridge, at a point perpendicularly above low water mark,
and it was also necessary that the road should be laid out in
line of the bridge.   Had the petition fixed the terminus at
low water mark, the viewers would naturally have carried the
road down the bank of the river and to the water, thus con-
necting it with the Allegheny river, which was a public high-
way.   To meet the exigencies of the occasion, the petition
provided that the road should end at the county bridge re-

cently erected over the Allegheny river, at or near the property of Sarah Phillips and William B. Phillips, in the township of Allegheny, including the abutment of said bridge and the land to low water mark. It will be observed that the terminus is not fixed at the end of the bridge, but at the bridge; which was intended to mean on the bridge, and was so accepted by the viewers. The petition and precept to the viewers designated this terminus in this manner, and provided that it should include "the abutment of said bridge and the land to low water mark." Upon the face of the petition this was a designation of the abutment of the bridge as a point in the line of the route, and a provision that the route should be extended outside of the abutment so as to include the land to low water mark. The report of the viewers and the plan which accompanied the same show that from the shore side of the abutment to low water mark, where the road terminated, was a distance of 132 feet, about three fourths of which was outside of the river end of the abutment and upon the bridge proper. The report further shows that the suggestion of the petition that the road should include the abutment, was unhesitatingly followed by the viewers, for they recommend that the width of the road for the last mentioned distance of 132 feet be forty-four feet, in order to include and clear the entire abutment of the bridge. The entire length of this road from end to end, as located by the viewers, was only 657 feet. It is, therefore, manifest upon the face of the record that the petition was a not well disguised attempt to locate one fifth of the road in what was alleged to be a designation of one of the termini. That this cannot be done is well settled: McConnell's Mill Road, 32 Pa. 285; Catherine Township Road, 76 Pa. 189. The first and second assignments of error are sustained.

The third assignment of error is dependent upon the determination of a question of fact by the court below, and there is not in this record sufficient to warrant us in concluding that the court, in the determination of that fact, abused the discretion with which it was invested. It was undisputed that the bridge in question was erected by the county as and for a county bridge. Whether or not a part of the bridge was located within the lines of the land recovered by appellant in an

action of ejectment was a question of fact to be determined upon competent evidence. The learned court below having determined that question of fact, the appellate court will not reverse such a finding, unless in a case of a clear abuse of discretion. The third specification of error is dismissed.

The order of the court of quarter sessions is reversed and the proceedings are set aside.