## Catawissa and Main Township Road.

*Road law—Township road—County bridge—Approach to bridge—Damages.*

The approach to a county bridge is a part of the bridge itself and must be kept in repair by the county. It is therefore improper to locate a township road over the approach to the bridge. The township road should terminate where the approach begins.

*Road law—Uncertainty of terminus—Appeal.*

The appellate court will not set aside road proceedings on account of uncertainty of the point of beginning, where such an objection was not made in the court below, and only made after the paper-books were printed, and the original petition is not printed, and when the report of the viewers and the draft attached thereto show the point of beginning with such certainty that the supervisors will have no difficulty in locating the road in accordance with the report.

Argued Jan. 18, 1901. Appeal, No. 19, Jan. T., 1901, by Bird Bankes et al., from order of Q. S. Columbia Co., May T.,

1894, No. 5, dismissing exceptions to report of viewers in the matter of the Catawissa and Main Township Road. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Exceptions to report of viewers.

From the report of viewers it appeared that the road commenced in Main township near the residence of J. A. Shuman; thence by the courses and distances mentioned in the report and accompanying draft, to its northern terminus in Catawissa township, at the " south end of the new county bridge over the Susquehanna river at a point formerly known as Hendershott's ferry," etc.

The draft showed the northern terminus of the road to be the southern pier and abutment of the river bridge.

One of the exceptions was as follows :

The road at the terminus is laid out to the south end of the county bridge over the river Susquehanna, and therefore occupies a portion of the southern approach to said bridge, which said approach was laid out by Columbia county, and that the road as laid out will require the township of Catawissa to maintain and keep in repair the said approach to said bridge.

The court dismissed the exceptions and affirmed the report.

*Error assigned* was the order of the court.

*Christian A. Small* and *William H. Rhawn*, for appellant.— Road viewers have no authority to change the points of beginning and ending, mentioned in the petition: Opening of Byberry Road, 6 Phila. 384; Anderson's App., 25 Leg. Int. 77.

The approach to a county bridge is part of the bridge : Westfield Borough v. Tioga County, 150 Pa. 152.

*Fred Ikeler*, of *Ikeler & Ikeler*, with him *T. J. Vanderslice*, for appellee.

OPINION BY BEAVER, J., April 16, 1901 :

Two questions, as stated by the appellants, are raised by the assignments of error in this case :

1. Can a public road be laid partly in the bed and alongside

of another public road, so as to increase the width of road bed more than fifty feet and make it of not uniform width? This question ceases to be of practical import, in view of the amended decree of the court below in disposing of the exceptions to the report of the reviewers, in and by which it is "ordered that the order of the court made as of May 8, 1899, fixing the width of the road at forty feet, be modified so as to read 'width of road fixed at forty feet, but that the said order shall not have application to such portion of the existing road, over which the reviewers have located the present road, nor the effect of widening the same.'" This would seem to obviate the difficulty, suggested by the first, second and third assignments of error.

2. Can a township public road be laid out on an approach to a county bridge which is part of the bridge? This presents a more serious difficulty. The court, in disposing of the exceptions, says very properly: "The approach to a county bridge is regarded as part of the bridge itself," and further, "the law is settled that the duty of keeping in repair the county bridges and the approaches to them rests upon the proper county officers, and that the expense incident thereto is a charge upon the county." The court also says: "The southern end of the river bridge is an unobjectional place to be designated as the terminus of a public highway, and that the reviewers carried the location of this road to the southern pier and abutment of the bridge ought not to be any reason to set aside the report." We quite agree with the court that the southern end of the river bridge is an unobjectional place to be designated as the terminus of a public highway, but the southern end of the bridge is the southern extremity of the approach thereto, and to carry it beyond that point, as is clearly shown by the drafts accompanying the report to have been done, is objectional in that it occupies a portion of the bridge which the county ought to keep in repair. If the report of the reviewers be confirmed, there are upon record contradictory returns, one of which places the control in and the cost of maintaining the bridge to the southern end of the approach, upon the county; and the other places the control in and cost of maintaining the township road to the pier or abutment where the bridge proper begins, upon the township. This would inevitably give rise to uncertainty and possibly to dispute as to what the respective duties of the county

and the township might be, in case of the necessity of repair. The petition fixes the terminus ad quid of the road prayed for as the entrance of the bridge across the Susquehanna river, near Hendershot's ferry. This is a definite point and would have been properly observed if the viewers had stopped at the beginning of the bridge at the southern end of the approach. They, however, carried their road beyond that point across the approach to the entrance of the bridge proper. This should not, for the reasons stated, have been done. This question, although not the controlling one in the case, was somewhat considered in Allegheny Township Road, 14 Pa. Superior Ct. 244. Uncertainty and the danger of conflicting jurisdiction in the future might have been avoided by referring the report of the viewers back for correction.

The effort is made to assign for error here the uncertainty in the point of beginning or terminus a quo, as set forth in the petition for a review, being "a point in a public road near John A. Shuman's." No exception covering this point was filed in the court below and was made here after the paper-book of the appellant and the reply of the appellee had been printed. The original petition for the road is not printed and we are unable to say whether this terminus was more specifically set forth therein than in the petition for review. The return of the viewers, however, is so definite—"Beginning in the public road leading from Mainville to Catawissa at a point thirty-four feet east from east side of bridge near the house of J. A. Shuman in Main Township,"—and the terminus so clearly specified in the draft attached thereto that the supervisors will have no difficulty whatever in locating the road in accordance with the return. It does not seem to us, therefore, that the fifth assignment of error should be sustained.

The decree of the court below is reversed, the confirmation absolute is stricken off and the record is remitted to the court below to be proceeded with according to law.