## Portage Township Road.

*Road law—Laying out public road—Termini—Act of April 23, 1909, P. L. 142.*

1. The Act of April 23, 1909, P. L. 142, which provides that the termini of a proposed public road shall be fixed "by giving the exact distance from an interesecting public road, street or railroad already opened," is mandatory, and an omission to comply with the act, when it can be complied with, is fatal to the proceedings.

2. A petition for a public road to lead "from the old Sonman Station in said township of Portage to Washington Street in said Borough of Portage," is fatally defective.

Argued May 6, 1912.   Appeal, No. 66, April T., 1912, by exceptants, from order of Q. S. Cambria Co., March T., 1910, No. 7, dismissing exceptions to report of viewers In re petition for Public Road in Portage Township.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Reversed.

Exceptions to report of viewers.

The opinion of the Superior Court states the case.

*Error assigned* amongst others was in dismissing an exception to the effect that the petition did not properly set out the termini of the road.

*Thomas J. Itell*, for appellant.

*M. D. Kittell*, with him *Philip N. Shettig*, for appellees.

OPINION BY RICE, P. J., July 18, 1912:

The petition in this case was for a public road "to lead from the old Sonman station in said township of Portage to Washington street in said borough of Portage."   The first assignment of error is to the overruling of the exception that the petition did not fix definitely the point of beginning and the point of ending mentioned therein, by giving the exact distance from an intersecting public road, street or railroad, already opened, as required by sec. 1 of the Act of April 23, 1909, P. L. 142.   In the case of Road in Kennedy Township, ante, p. 619, in which we herewith file an opinion, we have held that this section is mandatory and the omission to comply with it, when it can be complied with, is fatal to the proceeding.   We have also considered, in the opinion filed in that case, some of the arguments that have been presented in the present case bearing upon the intention of the legislature in using the word "intersecting," and have stated our conclusion that it did not intend that the intersecting road is one, and only

one, that intersects a terminal point of the road proposed to be laid out or vacated. We add now, that, obviously, the legislature did not mean that the intersecting road must be one that intersects the road proposed to be opened; for that would be to require the petitioners to designate an intermediate point, which cannot be ascertained until the viewers, whose exclusive province it is, have determined the route of the road: McConnell's Mill Road, 32 Pa. 285; Catharine Twp. Road, 76 Pa. 189; Allegheny Twp. Road, 14 Pa. Superior Ct. 244. Having regard to the purpose of the legislature, we have said in the case referred to, the words may be and should be construed as relating to, or at least including, a road, street or railroad, already opened, upon which the terminal point of the road proposed to be laid out is situated. Thus, if the terminus a quo, described in the petition as "old Sonman station," is in a public highway, the exact distance of that point from the point of the intersection of that highway by a road, street, or railroad, already opened, should have been given. Doubtless, also, if that terminus was at the junction of two public highways already opened, the purpose of the legislature would have been effectuated by stating that fact and identifying the highways. As to the terminus ad quem, it may be pertinently inquired at what point in Washington street is it situated? The petition does not show, but it would have shown with certainty what point was meant, if its exact distance from an intersecting street, etc., already opened had been given. As in the other case to which we have referred, so, here, we can discover no reason why the provision of the statute could not have been complied with, and, therefore, the first assignment of error must be sustained.

The second and third assignments relate to questions which probably will not arise in any new proceeding that may be taken for the opening of this road, and, therefore, we need not express an opinion upon them.

The first assignment is sustained, the order is reversed, and the proceedings are set aside.