# Franklin Township Road.

*Road law—Opening road—Termini—Draft accompanying petition.*

1. Where a petition for the opening of a road designates the termini and also the location of the proposed road, and also has attached to it a draft which shows in detail the location of the road for the entire distance, and the order to the viewers and the viewers' report show that the new road was laid out in accordance with the petition and the draft, an order of the quarter sessions confirming the report of the viewers will be reversed.

2. It is fatal error to designate an intermediate point or points be-

tween the termini of a proposed road either in the petition or the order to viewers, or both.

*Road law—Opening road—Bond—Act of April 4, 1907, P. L. 44.*

3. The Act of April 4, 1907, P. L. 44, requiring a bond to be filed on a petition to open a road, does not provide for sureties, and is therefore not void if two of the petitioners sign the bond as sureties.

Argued April 21, 1913.    Appeal, No. 93, April T., 1913, by James L. Varner, from order of Q. S. Greene Co., March T., 1912, No. 7, dismissing exceptions to report of viewers in re Road from point in the Waynesburg-Rices Landing Turn Pike in the village of Morrisville to point on lands of Nancy Herrington in Franklin Township. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ.    Reversed.

Exceptions to report of viewers.

*Errors assigned* were in dismissing exceptions to report of viewers.

*T. H. Wilkinson*, with him *Carl J. Crawford*, for appellant.—If an intermediate point be prayed for the petition will be refused, and if by oversight viewers be appointed the report will be quashed: Road in Lower Merion, 58 Pa. 66; Allegheny Twp. Road, 14 Pa. Superior Ct. 244; Catharine Twp. Road, 76 Pa. 189; McConnells Mill Road, 32 Pa. 285.

*Walter C. Montgomery*, with him *Thomas S. Crago*, for appellee.

Opinion by Morrison, J., July 16, 1913:

This is a petition for appointment of viewers to lay out a road and it contains the following:

"The petition of the undersigned, who are citizens and property owners of Franklin Township, Greene County, Pennsylvania, respectfully represents:

"That at No. 4, June Term, 1888, of said court, upon petition of sundry inhabitants of said township, a view was had, which resulted in the vacation of a portion of what was then known as the 'Old State Road' from a point near the Morrisville Methodist Protestant Church on the Waynesburgh and Rices Landing turnpike to a point near some old coal banks on lands of Nancy Herrington near the corner of said lands and lands of R. A. Sayers, in said township, all of which appears of record at the above number and term of said court, and in road docket Vol. 3, page 567, in the office of the clerk thereof.

"That since the vacation of said road, certain improvements and changes have been made in the vicinity round about, so that your petitioners labor under great inconvenience for want of a road over and along or near the route of said road which was vacated as aforesaid.

"That, as appears from plot hereto attached, the western terminus or beginning point for said proposed road is at the centre of the Waynesburgh-Rices Landing turnpike at its intersection with the vacated road above referred to at a distance of seven hundred and fifty-three feet in an easterly direction from the centre of said turnpike at its intersection with the Mount Morris road, in the village of Morrisville, said Franklin township, thence extending eastward over and along or near the route of the portion of the Old State Road vacated by the proceeding above referred to, a distance of about twenty-six hundred feet, to a point on lands of Nancy Herrington on the road extending from near the bridge on said turnpike at the point where the same crosses Ten Mile Creek, known as 'Slippery Rock Bridge,' to Coal Lick Run, at a distance on said Coal Lick road of about nineteen hundred and sixty-three feet from its intersection with said turnpike."

This was followed by a prayer to the court for the appointment of viewers and was signed by a number of petitioners, and attached to the petition was a draft which showed the two highways referred to in the petition in locating the termini of the proposed road. These high-

ways united north of the proposed road at a bridge over Ten Mile Creek and one of the highways extended in a southwesterly direction a distance of 2,436 feet to the westerly terminus of the proposed road and the other highway extended in a southeasterly direction a distance of 1,963 feet to the point fixed as the easterly terminus of the proposed road. This draft attached to the petition clearly showed that the petitioners desired the proposed road laid out in a direct line between the two termini to which we have just referred and the report of the viewers clearly showed that they laid out the proposed new road, in the language of the petition, "over and along or near the route of the portion of the Old State Road vacated by the proceedings above referred to, a distance of about twenty-six hundred feet." It is said by appellant's learned counsel, in his argument, that the draft attached to the viewers' report is like the one attached to the petition, but we cannot determine that question because the draft said to have been attached to the viewers' report is not furnished to us. However, it is perfectly clear from the petition and draft attached to it and the viewers' report, as well as the order to the viewers, that what the petitioners desired and indicated in the petition was the laying out of the proposed road over and along or near the route of the portion of the Old State Road which had theretofore been vacated. It would be difficult to frame language more completely indicating the route of the proposed road from terminus to terminus than was done by the petition and the order to the viewers, and their report shows that they obeyed the order in the location of the road.

The report of the viewers was excepted to by the appellant, and among the exceptions we find the following: (I). "The petition for the view is irregular in form, is therefore fatally defective wherein it limits and restricts the viewers, by describing the line of the proposed road and naming intermediate points along the line of the said road." (II). "The petition is vague and uncertain, does not fix the termini of the proposed road with such preci-

sion as would make the points easily located. Especially
is this exception true of the eastern terminus." (III).
"By reference to the petition for the viewers for the said
road it will be observed that in said petition the viewers
were restricted and limited to the line of the old road;
vacated and annulled because the same had become useless
and burdensome." There were several other exceptions
which we do not deem important. The learned court
overruled all of said exceptions and confirmed the report of
the viewers to which ruling the appellant excepted and
the court sealed a bill of exceptions.

On account of the petition and the order to the viewers
restricting the latter to a location of the proposed road
along, upon or near to the "Old State Road" which had
been vacated, we regard these proceedings as fatally
defective and that the court erred in the first instance in
appointing viewers on a petition which designated clearly
the location of the proposed road for its entire length, and
more than this, the unusual and improper method was
adopted of attaching to the petition a draft which not only
located the termini of the proposed road but located it
for the entire distance. This is the first instance which has
come to the writer's notice of a draft fixing the location
of the entire length of a proposed road being attached to a
petition for viewers.

In Road in Lower Merion, 58 Pa. 66, the Supreme
Court, speaking through the late AGNEW, J., said: "If an
intermediate point be prayed for, viewers will be refused,
and if by oversight they be appointed the report will be
quashed. This is the uniform practice, and the reason is
that the law requires the viewers to lay out the road, hav-
ing respect to the shortest distance and the best ground for
a road, and in such manner as to do the least injury to
private property. Section 2, Act 13th June, 1836. Even
the court cannot designate an intermediate point in the
order:" citing cases. In Allegheny Township Road, 14
Pa. Superior Ct. 244, the petition disclosed an attempt to
locate about one-fifth of the distance of the proposed road

and this location was followed by the viewers and their report was excepted to, but the court dismissed the exceptions, approved the report of the viewers and ordered the road opened, and on appeal to this court, in an opinion by W. D. PORTER, J., the order of the court of quarter sessions was reversed and the proceedings set aside.

In Catharine Township Road, 76 Pa. 189, an order issued for the view of a road between designated termini. The order also designated intermediate points. Held, that designating intermediate points was fatal to the proceedings and the order of the quarter sessions was reversed and set aside. In McConnell's Mill Road, 32 Pa. 285, it was held as stated in the syllabus: "The route between the extreme termini of a road is exclusively for the viewers; the court is not authorized, in their order, to designate any intermediate point." In that case the defect in the petition and order was that the road was to be laid out by way of No. 6 schoolhouse, and the proceedings in the quarter sessions in confirming the report, etc., were reversed by the Supreme Court.

In Sadsbury Township Roads, 147 Pa. 471, the Supreme Court said: "It is well settled that the route between the termini of a road is exclusively for the viewers. It is error for the court, in its order to the viewers, to designate any intermediate point. It is also improper for the petitioners to do so. If one intermediate point could be designated there might be many—so many, indeed, as to be practically tantamount to location of the entire road between the termini, thus leaving no room for the exercise of the discretion vested by law in the viewers: McConnell's Mill Road, 32 Pa. 285; Otter Creek Road, 104 Pa. 261."

So we might proceed to cite cases to an extreme number but it is unnecessary to do so. The law has been well settled in this state since the act of 1836 went into force that it is fatal error to designate an intermediate point or points between the termini of a proposed road, either in the petition or the order to viewers, or both. If it is fatal error to direct that a road shall be laid near a schoolhouse

between the termini, how much greater is the error in a case like the present one where the petitioners and the court undertake to control the viewers as to the location of the entire proposed road.

There is an exception and assignment of error in regard to the bond filed by the petitioners in pursuance of the Act of April 4, 1907, P. L. 44, because the bond was only signed by two petitioners. The complaint is that there ought to have been signers to the bond who were not petitioners. We see no merit in this. The act of assembly simply requires a bond to be given and does not provide for sureties.

The first, third, fourth and fifth assignments of error are sustained and the order of court reversed, petition dismissed, and all subsequent proceedings set aside at the cost of the petitioners.