# Pursley Creek Road.

*Road law — Improvement of road — Terminals—Averments of petition— Vacation of part of road—Acts of April 23, 1909, May 11, 1911, and July 12, 1919.*

1. The provision of the Act of April 23, 1909, P. L. 142, requiring the point of beginning and the point of ending of a road to be laid out or vacated to be definitely fixed in the petition by giving the exact distance from an intersecting road, street or railroad already opened, is mandatory and must be complied with.

2. The Act of May 11, 1911, P. L. 244, as amended by the Act of July 12, 1919, P. L. 918, does not repeal the Act of April 23, 1909, P. L. 142.

3. Where a portion of a road to be improved will be vacated, such vacated portion must be shown in the petition, the draft and the report of the grand jury.

4. Where a rule of court provides that a petition for the improvement of a road must be certified by counsel "to be regular and conformable to law," such a certificate must be filed or the proceedings will be set aside.

Exceptions to approval by the court of proposed road. Q. S. Greene Co., March Sess., 1923, No. 5.

*H. C. Sayers, Jr.,* for petitioners.

*W. I. Murdock* and *A. A. Purman,* for exceptants.

RAY, P. J., May 21, 1923.—By this proceeding the County Commissioners of the County of Greene are seeking to permanently improve a part of what is known as the "Pursley Creek Road," beginning at a point on the improved public road, State Highway Route No. 111, near the former residence of John Buchanan, and from thence in a southerly direction, ending at a point on the division-line between the Townships of Franklin and Centre in the said County of Greene; the said county and township to divide the expenses thereof equally. The county commissioners, Feb. 21, 1923, presented their petition to the court, setting forth certain facts, whereupon the court made the following order: "And now, Feb. 21, 1923, the foregoing petition having been

4 D. & C.

presented to me in open court and read, and after due consideration thereof, it is ordered to be filed, and it is further ordered and directed that the County Commissioners of Greene County cause a notice to be inserted in two newspapers of general circulation in said county, ten days before presentation, that the matter of their joining with the Township of Franklin in the proposed improvement will be laid before the grand jury on the 6th day of March, 1923, at 10 o'clock A. M., or as soon thereafter as it is practical to do so."

The grand jury, after hearing, made the following return: "And now, March 7, 1923, on presentation and consideration of the within petition by the grand jury, and after hearing all the testimony, the same is approved." And this was subsequently followed by another order of the court, which reads: "And now, March 9, 1923, the foregoing petition having been approved by the grand jury, the court fixes the 15th day of March, 1923, at 10 o'clock A. M., as the time for filing exceptions to said proceedings, on or before which date exceptions shall be filed." Subsequent to the date fixed for the filing of exceptions, the court made the following order: "And now, March 26, 1923, the foregoing exceptions presented in open court, they are ordered to be filed *nunc pro tunc* as of March 15, 1923, as provided in the order of court of March 9, 1923." That part of the "Pursley Creek Road" which it is proposed to permanently construct and improve extends a distance of 2903 feet from the point of beginning in Franklin Township to the point of ending on the division-line between that township and the Township of Centre. Throughout its entire length, except approximately 350 feet of the southern end thereof, it is to be constructed on an entirely new location. About 350 feet of the southern end of the proposed road follows the course of the present "Pursley Creek Road." For a distance of approximately 1040 feet from the point of beginning, the proposed road is located on land owned by D. S. and Mary B. Walton, who have filed exceptions to this proceeding. In all, they have filed eight exceptions, the second of which exceptions reads: "That the petition upon which this application is based for the permanent construction of the road is fatally defective and the court is without jurisdiction thereunder to approve the action of the grand jury approving the permanent construction of the road, because:

"(a) The name or names of the owner or owners of the land through which the proposed road passes is not shown by the petition.

"(b) The nature of the land and the improvements thereon, if any, through which the proposed road passes is not stated in the petition.

"(c) The quantity of land to be taken and appropriated for said proposed road and the value thereof is not stated in said petition.

"(d) The point of beginning of the said proposed road and the distance said point of beginning is to or from any other road now opened which leads off from Highway Route No. 111 is not stated in the petition.

"(e) The point of ending of the said proposed road and the distance said point of ending is to or from another road near the Centre Township line is not stated in the petition.

"(f) The vacation of any road or part or parts of any road which may be rendered useless by the construction of the proposed road is not stated in the petition."

The county commissioners have instituted this proceeding under the Act of May 11, 1911, P. L. 244, as amended by the Act of July 12, 1919, P. L. 918. The exceptants by their sixth exception, or especially by paragraphs (d) and (e) thereof, raise the question as to whether or not it was incumbent on the petitioners to observe the requirements of the Act of April 23, 1909, P. L. 142,

as to the exact designation of the points of beginning and ending of the road proposed to be improved. That act, following the preamble thereto, by section 1, provides: "That hereafter all petitions for the laying out or for the vacation of a public road in any county of the Commonwealth shall fix definitely the point of beginning and the point of ending mentioned in said petition by giving the exact distance from an intersecting road, street or railroad already opened."

By the 2nd section of said act it is provided: "Upon the confirmation of the report of the jury of view by the Court of Quarter Sessions, it shall be the duty of the clerk of said court to immediately certify a copy of said report, with the accompanying draft, to the State Highway Department." The purpose of this act, as expressed in the preamble, was to enable the State Highway Department to make and keep a map or plan on which all roads in the State shall be carefully marked. The petitioners contend that the act under which they are proceeding, the Act of 1911, as amended by the Act of 1919, is complete in itself, and that they are not, therefore, required to observe any other of the road laws of the State in order to make the proposed improvement. The Act of 1909 requires that the points of beginning and ending of the road surveyed shall be set out in the petition by giving their exact distance from an intersecting public road, street or railroad already opened. This act has never been repealed, and if applicable to the case at bar, this proceeding must be set aside. The location of the residence of John Buchanan, near which the petition states is to be the beginning point of the proposed road, is not shown on the plan or draft of the proposed road, nor is the distance of the beginning point mentioned shown, either in the petition or on the draft, from an intersecting public road, street or railroad already opened. And what is true in this respect as to the point of beginning is also true as to the point of ending, on the division-line between the said townships. If this road should be approved and a copy of the draft of said road be certified to the Highway Department, as required by the said act of assembly, it would not give that department the information needed to enable the change made to be accurately noted on the road map of the State. Neither from the petition, nor from the draft of the proposed road, nor from the report of the grand jury, could the exact point of beginning or the exact point of ending of the said road be determined as required by the said act. In our opinion, the Act of 1909 constitutes a part of the general road law of the State, and its provisions, not having been repealed, must be complied with in the proposed construction and improvement of a road under the Act of 1911, as amended by the Act of 1919. It has been held that under the Act of 1909 the intersecting road, street or railroad is the one which intersects the public road upon which the terminal point of the road proposed to be laid is situated: Kennedy Township Road, 50 Pa. Superior Ct. 619.

The act is mandatory, and non-compliance with it is fatal: Portage Township Road, 50 Pa. Superior Ct. 626.

Where the report of viewers laying out a road does not fix the terminal point definitely, as required by the act, the proceedings will be dismissed: Mt. Pleasant Road, 22 Dist. R. 765. The provisions of the act requiring that the point of beginning and point of ending must be definitely fixed are mandatory and must be complied with, and the giving of such distance in the case of one terminal is insufficient: Roaringbrook Township Road, 16 Lacka. Jurist, 15. The express purpose of the act is to have an accurate description and designation of the proposed road, and its purposes will be accomplished

4 D. & C.

where the report fixes the *termini* in accordance with the act; but where neither the report nor the petition give the data required by the act, the viewers' report will be set aside: Salisbury Township Road, 3 Lehigh Co. L. R. 371; 19 Dist. R. 1120. The *termini* should be accurately set forth in the petition, and the report should exactly conform to them: Fayette Township Road, 37 Pa. C. C. Reps. 505; 20 Dist. R. 171.

Neither is there anything, either in the petition or the draft submitted, or in the report of the grand jury, clearly showing the vacation of that part of the "Pursley Creek Road" that will become useless in case the proposed road should be constructed and opened for travel. The present "Pursley Creek Road," which it is proposed to reconstruct and improve, extends a considerably greater distance through and over the land of the exceptants than the proposed road does. Both roads are not "necessary for the accommodation of the traveling public," according to the legal significance and judicial interpretation of that phrase. We think the petition, the draft, and the report of the grand jury should all show a clear purpose to vacate all that part of the present "Pursley Creek Road" running through the land of the exceptants, as well as all other parts of said road that will become useless upon the construction and opening of the proposed road for general public travel.

The sixth exception complains of the violation of section 2, Rule 12, of the Rules of this Court, in that the petition was not certified by counsel "to be regular and conformable to law." This exception is sustained, together with paragraphs *(d)*, *(e)* and *(f)* of the second exception. All the others are dismissed.

And now, May 21, 1923, this matter having come on to be heard, and having been argued by counsel, after due consideration, for the reasons stated in the foregoing opinion, this proceeding is dismissed.

From S. M. Williamson, Waynesburg, Pa.