## In re: Road in Shenango Township.

*Roads—Road views—Description of road—Termini.*

A petition for a road view is irregular in form and fatally defective, which limits or restricts the viewers by describing the line of the proposed road and names intermediate points along the line of the road.

The termini of the projected road are its designation and only means of identification. The petition for the view should do no more by way of description of the road than state the termini. The law requires the viewers to lay out the road, having respect to the shortest distance and the best ground for a road made in the best manner to do the least injury to private property.

Argued April 20, 1926. Appeal No. 160, April T., 1926, by C. M. Hartzell et al., Supervisors of Shenango Township, from order of Q. S. Lawrence County,

Statement of Facts—Opinion of the Court.   [88 Pa. Superior Ct.

March Sessions, 1924, No. 4, In re: Petition for public road in Shenango Township. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Exceptions to report of Board of Viewers. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Exceptants appealed.

*Error assigned,* among others, was the order of the Court.

*George T. Weingartner* and *J. Roy Mercer,* of *Weingartner & Mercer,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY PORTER, P. J., July 8, 1926:

The petition for the view lies at the foundation of the proceeding to lay out and open a township road. The petition in the present case prayed for the appointment of proper persons to view and lay out a road in Shenango Township, describing the proposed road in the following language, viz.: "Beginning at a point in the City Line where the south end of Wilson Avenue, an ordained street, crosses said City Line; thence south along Wilson Avenue as extended in Shenango Township, a distance of seventy-five feet, more or less, to a point; thence east a distance of sixty feet, more or less; thence south along Wilson Avenue, as shown in the R. W. Cunningham plan of lots, ten hundred seventy-five feet to a point; thence east along Wood Street as shown in the R. W. Cunningham plan of lots, a distance of three hundred forty feet to a point in Stanton Avenue as shown in the above mentioned plan

of lots; thence north along Stanton Avenue, as shown on said plan of lots, ten hundred and seventy-five feet, more or less, to the City Line Street as shown on said plan of lots''; and continued to describe the courses and distances which the said proposed road should follow, ''to the point where said Jackson Avenue, an ordained street in the City of New Castle, crosses the City Line.'' It thus appears that the petition, while definitely fixing the termini of the road, not only designated several intermediate points, but attempted to fix the entire route of the proposed road. The court appointed viewers as prayed for, and the precept to the viewers designated the proposed road in the exact language of the petition, part of which is above quoted. The report of the viewers located the road precisely on the line suggested in the petition and precept. The appellants filed exceptions to the report of viewers, averring: ''That the petition for the view is irregular in form and is, therefore, fatally defective in that it limits and restricts the viewers by describing the line of the proposed road and naming intermediate points along the line of the said road.'' The learned judge of the court below dismissed the exceptions and confirmed the report of viewers, which action is here assigned for error.

The termini of a projected road are its designation and only means of identification. The petition for the view should do no more by way of description of the road than state the termini. The law requires the viewers to lay out the road, having respect to the shortest distance and the best ground for a road, and in such manner as to do the least injury to private property: section 2, Act of June 13, 1836, P. L. 555. If a point intermediate between the termini is designated for the road in the petition, viewers should not be appointed, and if by oversight they are appointed the report should on motion be quashed. Even the court

cannot, in the order to the viewers, designate an intermediate point. If one intermediate point be designated there might be many, as was attempted in the present case. The petition and the precept to the viewers fixed the location of the entire road, nothing was left to the discretion of the viewers. The whole proceeding was irregular and the exceptions filed by the supervisors of Shenango Township should have been sustained: Road in Lower Merion, 58 Pa. 66; Sadsbury Township Roads, 147 Pa. 471; Franklin Township Road, 54 Pa. Superior Ct. 293.

The order of the court below is reversed, the petition is dismissed, and all subsequent proceedings set aside at the cost of the petitioners.