## Petition for Public Roads in Lake Township.

Philip Drum, for petitioners; G. J. Clark, for township.

JONES, J., July 7, 1928.—Citizens and inhabitants of Lake Township, this county, petitioned the court that they labored under a great inconvenience for the want of two public roads in the township, describing the termini of each.

Viewers were appointed and the proposed roads recommended as prayed for in the petition and set forth on an attached map. To the report exceptions were filed that there is no warrant in law for the laying out of two public roads in one proceeding.

In the case of West Goshen Roads, 7 Pa. C. C. Reps. 250, a petition was presented for three public roads, to which exceptions were filed, and the court said: "We cannot find that such a practice is forbidden. It may be better to have separate petitions and orders for distinct roads, but in this case, where these three roads are designed to form a system and are so closely identified with each other, we are disposed to grant the order for them on the petition filed. They are all separately described therein and can be so reported by a jury."

In Sadsbury Township Roads, 147 Pa. 471, exceptions were filed to a report of viewers in favor of three roads because the petition and report combined several roads. The lower court dismissed the exceptions and, upon appeal, the West Goshen Roads, *supra*, was cited by appellee. The Supreme Court said: "In the case before us, the petition for the appointment of viewers embraced three separate and distinct roads, and the viewers reported in favor of each respectively, giving the termini, courses and distance of each separately. If that can be done, there is no good reason why one petition, and a single proceeding thereon, may not embrace thirty, or even a hundred proposed roads, if it be possible for the petitioners to suggest the necessity for so many within the county. Other things being equal, it cannot be doubted that the merits of each proposed road will be better considered in a separate than in a joint proceeding embracing one or more other separate and distinct roads," and the order of the lower court was reversed.

The petition and report are subject to further criticism. They substantially state the location of the proposed roads.

In Franklin Township Road, 54 Pa. Superior Ct. 293, it was stated: "It is fatal error to designate an intermediate point or points between the termini of a proposed road, either in the petition or the order to viewers, or both."

After designating the termini of the first road, the petition follows with the statement: "The purpose of said road being to create a public road for property holders whose lots abut on what is designated as 'East Avenue' and a part of 'High Street' on the plot of lots known as 'Warden Place,'" and, after stating the termini of the second road, says that the purpose of the second road is to create a public road of what is known as "Center Avenue" on the same plot.

The report of the viewers states that the board is in favor of locating the proposed road or roads "as prayed for in the petition and set forth on the attached map." An inspection of the map discloses a plot of lots known as the Warden Place, surveyed in 1897. Upon this plot are located "East Avenue" and "High Street," running at right angles to each other. These two streets embrace the first road.

The second road is known on the map as "Center Avenue," and not only embraces Center Avenue as it appears on the plot, but also a part of Lake Avenue, already an open, public highway in the township for many years, and also covers a part of High Street embraced in the first road, so that the two roads lap over upon certain portions of each other.

The viewers simply adopted the purposes set forth in the petition of making East Avenue, High Street and Center Avenue, upon the Warden plot, public highways, and, therefore, the petition and the report substantially designate the roads between the termini.

For the reasons herein stated, the exceptions to the report must be sustained, and the report of the viewers is accordingly set aside.

From Frank P. Slattery, Wilkes-Barre, Pa.