## Buck and Doe Run Valley Farms Company Appeal.

Argued March 18, 1957. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Charles J. Biddle,* with him *John E. Walsh, Franklin L. Gordon, Gordon & Gordon,* and *Drinker, Biddle & Reath,* for appellant.

*David Berger,* with him *C. Raymond Young, Louis A. Apfelbaum,* Solicitor, and *Mervyn R. Turk,* for appellee.

OPINION BY RHODES, P. J., June 11, 1957:

The Buck and Doe Run Valley Farms Company appealed from the order of the Court of Quarter Sessions

of Chester County dismissing, for procedural defects, its petition to vacate portions of two public roads in second class townships. Our review is on certiorari and limited to the record; we may not consider the merits of the case or review questions of fact. *Culbertson Appeal,* 182 Pa. Superior Ct. 374, 375, 128 A. 2d 95.

The petition to vacate[1] which was filed by appellant alleged that both roads, which pass through appellant's farm, are useless and inconvenient for public travel, and interfere with the productive use of the farm in the grazing of beef cattle. The portion of one of the roads sought to be vacated, Township Road 378, lies wholly within the Township of East Fallowfield; the portion of the other road involved, Township Road 377, lies partly in East Fallowfield Township and partly in Newlin Township, with one of its termini in each township. A jury of view was appointed; its report concluded that the roads were useless, inconvenient, and burdensome, and were not necessary for the public convenience; it recommended vacation thereof. A number of exceptions were filed to the report by a taxpayer and by the Supervisors of East Fallowfield Township. One of the exceptions set forth that appellant had joined in one petition two separate and distinct roads for vacation, and that this defect was fatal. The court below sustained this exception without discussing any other, and dismissed the petition to vacate. Its action will be affirmed.

---

[1] Prior to petitioning the Court of Quarter Sessions of Chester County, appellant petitioned the supervisors of the two townships under section 1101 of the Act of May 1, 1933, P. L. 103, as amended by the Act of July 20, 1953, P. L. 511, §1, 53 PS §19093-1101. When the supervisors failed to act upon the petitions within sixty days, appellant filed its petition in the Court of Quarter Sessions under the Act of June 13, 1836, P. L. 551, §18, as amended by the Act of May 21, 1943, P. L. 458, §1, 36 PS §1981.

The law does not favor the delay or extension of a cause by reason of technicalities, although the orderly processes of the law require substantial compliance with established procedures. By initially following proper procedure, the determination of a cause is usually expedited and difficulties are avoided. Whether the proposed vacation of two or more separate and distinct roads may be accomplished by one petition and in one proceeding does not appear to have been previously decided. However, the proper procedure is clear. The Act of June 13, 1836, P. L. 551, §18, amended by the Act of May 21, 1943, P. L. 458, §1, 36 PS §1981,[2] which sets forth generally the procedure for vacation of a public road by petition to the court, states: "The said courts shall proceed therein by views and reviews, in the manner provided for the laying out of public roads and highways." In *Sadsbury Township Roads— Toland's Appeal,* 147 Pa. 471, 473, 23 A. 772, it was held improper to join in one petition the request for appointment of viewers to lay out three separate and distinct roads. Our Supreme Court there said (page 473 of 147 Pa., page 772 of 23 A.): "There appears to be nothing in the provisions of our general road law to indicate that the legislature ever intended that the jurisdiction conferred on the court of quarter sessions, in relation to laying out roads, should be exercised in a kind of wholesale way, by joining together in one proceeding, before same viewers, two or more separate roads. On the contrary, it clearly appears to have been intended that the jurisdiction of the court should from time to time be evoked by a petition for a single road." Since proceedings for the vacation of the roads in question shall be by view in the same manner as

---

[2] See, also, Act of April 21, 1846, P. L. 416, §1, 36 PS §1987; Act of June 13, 1836, P. L. 551, §23, 36 PS §2011.

provided for the laying out of public roads and highways, it follows that the principle enunciated in the *Sadsbury* case is applicable here. The rule, however, is not inflexible. It has been held proper to join in one petition the request for vacation of a road and the request for its relocation over a more satisfactory route (*Ottercreek Township Road,* 104 Pa. 261, 263, 264); to join in one petition the request for vacation of two roads which are physically connected and in essence but one road (*Paradise Road,* 29 Pa. 20, 22); to petition for the laying out of a road and the vacation of a road which will thereby be made useless (*Bristol Township Road,* 49 Pa. Superior Ct. 549, 552, 553).

The present record indicates no connection between the roads involved in the instant case. They are related only in that they pass through appellant's farm and that appellant wants both vacated. In all other respects they are separate and distinct; they should be so treated. The fact that one of the roads is located partly in each of two townships while the other is wholly within one township may create distinct and unrelated problems. Obviously, under the law at the time of this proceeding in the court below, the role of the township supervisors was different with respect to each road. The Act of July 10, 1947, P. L. 1481, §16 (which added section 1104 to the Act of May 1, 1933, P. L. 103, Art. XI),[3] then in effect, provided that when one of the termini of any road to be vacated was without the township, the supervisors of the township were obliged to pass a resolution consenting to the vacation before it could be accomplished. No prior con-

---

[3] Section 16 of the Act of 1947 was amended by the Act of May 24, 1951, P. L. 370, §14, and further amended by the Act of June 1, 1956, P. L. (1955) 2021, §15, 53 PS §19093-1104.

sent was required when the road was wholly within the township. See section 1101 of the Act of May 1, 1933, P. L. 103, as amended, 53 PS §19093-1101. The record in this case is devoid of such requisite consent with respect to the road which is located in two townships. Appellant argues, however, that the Act of June 1, 1956, P. L. (1955) 2021, §15, 53 PS §19093-1104 (enacted after the decision of the court), which amended the Act of 1947 by eliminating the requirement of a prior consent by the township supervisors, operates retroactively and cures the initial defect. The answer to this contention is that the Act of 1956 does not clearly and manifestly indicate an intention of the Legislature that it shall operate retroactively. Statutory Construction Act of May 28, 1937, P. L. 1019, §56, 46 PS §556; *Com. ex rel. Greenawalt v. Greenawalt*, 347 Pa. 510, 512, 32 A. 2d 757.

The defects in appellant's petition, while procedural, are more than those of mere form; in effect, appellant has joined separate and distinct causes in one proceeding, which the law does not favor. See *DuPuy Estate*, 373 Pa. 423, 429, 96 A. 2d 318. "Other things being equal, it cannot be doubted that the merits of each proposed road will be better considered in a separate than in a joint proceeding embracing one or more other separate and distinct roads. The chances for conflict of interest and consequent dissension would probably be increased nearly in proportion to the number of separate subjects of inquiry and determination embraced in one proceeding." *Sadsbury Township Roads—Toland's Appeal*, supra, 147 Pa. 471, 473, 474, 23 A. 772.

The order is affirmed.