## The Howard Association's Appeal.

1. A law in 1868 exempted the property of a religious association in Philadelphia from all tax but state tax. By a general law in 1866, the real estate of no religious, &c., association used for business purposes was to be exempt from municipal tax by reason of any law exempting property of such association. By law of 1868, the real estate, *specifically described*, of the association was exempted from taxes, " so long as used for charitable or religious purposes." The first story of the association's building was used for a " Sunday school and religious meetings;" the upper story they leased to the city for public-school purposes. *Held*, that the whole was exempt.

2. The intent of the Act of 1868 was to except the association's real estate from the Act of 1866.

3. All statutes are to be construed so as to give them operation if the language will permit, instead of treating them as meaningless.

January 9th 1872.    Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ.    WILLIAMS, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Philadelphia:* No. 113, to January Term 1871.

The trustees of the Howard Sunday School Building were incorporated April 9th 1849 (Pamph. L. 1850, 998), to take and hold " real estate for the purpose of erecting thereon a suitable building or buildings for the use of the Howard Sunday School Association, and such other purposes as the said corporation may deem expedient in communicating moral and religious instruction ; also to take and hold, for the use of the said Sunday school association, any goods, &c."

The corporation purchased a lot of ground on Bainbridge (Shippen) street, Philadelphia, and erected on it a three-storied brick building. By Act of March 21st 1865 (Pamph. L. 473), this real estate was " exempted from the payment of all taxes except state taxes."

By Act of March 30th 1866, sect. 2, Pamph. L. 355, 2 Br. Purd., 1369 pl. 82, " no portion of the real estate of any religious, charitable or benevolent association or institution in Philadelphia, *which may be used for business purposes*, shall be exempt from municipal or state tax by reason of any Act of Assembly exempting the real estate or property of said association."

By Act of March 18th 1868, sect. 1, Pamph. L. 383, " the real estate, &c., in Philadelphia, owned by the Howard Sunday School Association, be and the same is hereby exempted from all taxation so long as the same may be used for charitable or religious purposes, except state taxes."

In 1870, this property was assessed for taxation for the years 1868, 1869 and 1870 at a valuation of $8000. At that time the second and third stories were, and had been occupied by the controllers of public schools for school purposes, under a lease for five years, commencing January 1st 1866, at a rent of $500 per annum.

" The first story of the building, comprising a large audience-room, with ante-rooms and other smaller rooms adjoining, was and is occupied exclusively by the association for the purposes of a Sunday school and religious meetings."

The association appealed to the Board of Revision, on the ground that the property was exempt under the Act of March 18th 1868. On the 20th June 1870, the board altered the valuation as follows :—

Part of said premises, used for charitable and religious
purposes, exempt, valued at - - - - $4000
Part of said premises, rented for public school purposes,
taxable, - - - - - - - - 4000
_____
$8000

on the ground that the " portion so rented is equivalent to one-half of the taxable value of the premises, and that the part so rented is not used for religious or charitable purposes," leaving the taxable value at $4000.

The association appealed from the decision of the board to the Court of Common Pleas, where the appeal was dismissed October 1st 1870.

The association then appealed to the Supreme Court and assigned the dismissal of their appeal for error.

*S. C. Perkins*, for appellants, referred to the before-mentioned Acts of Assembly, Dwarris on Stat. 690; Pray *v.* Edie, 1 Term Rep. 313.

*W. N. Ashman* and *T. J. Worrell*, city solicitor, for appellee, referred to the same acts; University's Appeal, 1 Phila. Rep. 422; Penna. Hospital's Appeal, Id. 418; Wayne County *v.* Canal Co., 3 Harris 351.

The opinion of the court was delivered, January 29th 1872, by

THOMPSON, C. J.—We cannot affirm the judgment of the court below without ignoring the Act of Assembly of the 18th March 1868. The 1st sect. declares " that the real estate, situate on Shippen street, below Fourth street, in the city of Philadelphia, owned by the Howard Sunday School Association, be and the same is hereby exempted from all taxation so long as the same may be used for charitable or religious purposes, except state taxes."

The board of revision, on an appeal from the assessment of the property for city or municipal purposes, held that that portion of the property not actually used by the association for religious or charitable purposes was taxable for such purposes, and of this opinion was the court below. It seems to us that this was going back to the rule of the Act of 30th March 1866, which is a general

act regulating exemptions in the city of Philadelphia. It provides that "No portion of the real estate of any religious, charitable or benevolent association or institution, in the city of Philadelphia, which may be used for business purposes, shall be exempt from municipal or state tax, by reason of any Act of Assembly exempting real estate or property of the said religious or benevolent association or institution." Of course the act could not bind future legislatures from altering the law and exempting such property entirely from taxes. That is not pretended. This act permitted apportionment of the taxation of any real estate, held for religious and charitable purposes, to the extent of the business uses to which it was appropriated. Now that is just the rule applied to the Act of 1868 by the board of revision and the court below. They held the property in question taxable for municipal and state purposes to the extent of its occupancy for school purposes at one-half of the whole valuation.

We must not impute to the legislature of 1868, ignorance of previous legislation, regarding exemptions of property of the character of that in the case before us, especially as it was general in its application to all religious and charitable associations and corporations within the city of Philadelphia, and only two years old. The high functions of the legislature forbid such a presumption, and inculcate the opposite. No reason can be assigned for the special Act of 1868, other than an intention on part of the legislature to except the real estate of the Howard Sunday School Association, from the provisions of the Act of 1866. The words of the act will bear that construction, and thus the legislation will be consistent and harmonious. In common parlance the buildings referred to in the act are used for religious and charitable purposes, being the designated place for the operations of the association, although the whole may not be actually occupied for the purpose. The description includes the entire property, and exempts it from all taxation excepting for state purposes. This is the only way the act of 1868 can be reconciled with the legislation of 1866, or that a purpose is discernible in passing it. It is a cardinal rule, that all statutes are so to be construed as to sustain· rather then ignore them; to give them operation if the language will permit, instead of treating them as meaningless: *Ut res magis valeat, quam pereat.* The act in question is plain enough, and we think the board of revision and the court below erred in construing it as they did.

> PER CURIAM. The decree of the court below is reversed, and the appeal is reinstated; and now, January 29th 1872, it is ordered and adjudged that judgment be and is hereby entered in favor of the appellant, the Howard Sunday School Association, against the City of Philadelphia, appellee, and that said appellants recover their costs.