# Kennedy Township Road.

*Road law—Petition for road—Termini—Description.*

1. Absolute precision is not required in designating the termini in a petition for a public road. Reasonable definiteness, however, is necessary.

2. A road petition described one of the termini as the point on another public road at or near a particular schoolhouse, and a particular farm. The draft submitted with the report of viewers showed that the farm named extended for a long distance on one side of the public road, and that the schoolhouse was not on that road nor on the farm, but thirty rods or more in the opposite direction from the last course of the new road. *Held* that the description of the termini was not sufficiently definite to support the report of the jury of view.

3. In such a case the petition is the basis of the pleading, and the validity of the proceeding depends on its sufficiency.

Argued April 26, 1909. Appeal, No. 139, April T., 1909, by Robert F. Clever, from order of Q. S. Allegheny Co., Nov. T., 1907, No. 2, dismissing exceptions to report of jury of view In re Public Road in Kennedy Township. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Reversed.

Exceptions to report of jury of view.

*Error assigned* was in dismissing exceptions to report of jury of view.

*Robert F. Clever*, for appellant.—It is not for the viewers to roam around to find termini for the road; their discretion is as to the route between the points fixed in the petition: Pocop-

son Road, 7 Pa. C. C. Rep. 617; Kyle's Road, 4 Yeates, 514; Cornplanter Twp. Road, 26 Pa. Superior Ct. 20; Derry Twp. Road, 11 Pa. Superior Ct. 232; Allegheny Twp. Road, 14 Pa. Superior Ct. 244.

*W. G. Crawford,* for appellee.

OPINION BY HENDERSON, J., July 14, 1909:

The petition requested the appointment of viewers to lay out a public road "to lead from a point on the Pine Hollow Road at or near the property of Robert Clever, Esq., in said township to a point on the Pittsburg & Middletown road, at or near Schoolhouse No. 3 and Hinheaur farm in said township." The draft submitted with the report of viewers shows that the Hinheaur farm extends for a long distance on one side of the Pittsburg & Middletown road and that Schoolhouse No. 3 is not on that road, nor on the Hinheaur farm, but thirty rods or more in the opposite direction from the last course of the road. The schoolhouse is a misleading terminus, and there is no relation whatever between it and the Hinheaur farm or the Pittsburgh & Middletown road as a terminal of the western end of the road. Absolute precision is not required in designating termini. Reasonable definiteness, however, is necessary. The cases show that a designation of a point "at" or "at or near" an object, as for instance, a spring, a tree, a barn, a house, the dividing line between lands, the intersection of roads, or "upon" land of an owner named, is sufficient. This, for the reason that such a description points to the particular place at which it is proposed that the road terminate. But none of them to which our attention has been called has a terminus so vaguely and indefinitely set forth as that describing the western terminus of the road in question. There is the more reason for definiteness in cases like the present because the road is located mainly over land laid out in lots in a thickly settled neighborhood. The designation of this terminus in the petition would admit of a wide variance from the location adopted by the viewers, and with such indefiniteness of description it is not practicable to locate a road between defined termini as required by statute.

The petition is the basis of the proceeding, and the validity of the proceeding depends on its sufficiency. We are of the opinion that the description of the western terminus is not sufficiently definite to support the proceeding and the second assignment is, therefore, sustained. In view of the foregoing conclusion it is unnecessary to consider the remaining assignments.

The order of confirmation is reversed and set aside and the proceeding quashed.