## Kennedy Township Road.

*Constitutional law—Title of act—Road law—Act of February 24, 1873, P. L. 155.*

1. The Act of February 24, 1873, P. L. 155, entitled "An Act relating to the office of surveyor and civil engineer for the County of Allegheny" is not insufficient in title and repugnant to the provisions of the constitutional amendment of 1864.

2. While the courts are bound to declare an act unconstitutional, when the question is properly raised, and the invalidity of the act is clear, yet where the question is doubtful, the courts will consider, in favor of the constitutionality of the act, the fact that it has been on the statute book for a long period of time and continually practiced under, and that, although it had been in the courts for construction, its constitutionality had never been attacked.

*Road law—Laying out public road—Termini—Act of April 23, 1909, 1909, P. L. 142.*

3. Under the Act of April 23, 1909, P. L. 142, which provides that a petition for laying out a public road "shall fix definitely the point of beginning and the point of ending in said petition by giving the exact distance from an intersecting public road, street, or railroad already opened," the intersecting road, street or railroad is the one which intersects the public road upon which the terminal point of the road proposed to be laid out is situated. Any other construction of the act will render it meaningless.

4. All statutes are to be so construed as to sustain, rather than to ignore them; to give them operation, if the language will permit, instead of treating them as meaningless.

5. The Act of April 23, 1909, P. L. 142, is mandatory, and the omission to comply with it, where it can be complied with, is fatal.

6. A petition for a public road is fatally defective which states that the road is "to lead from a point on the Pine Hollow Road near a bridge at or near the property of C. in said township to a point on the Pittsburg and Middletown Road at or near a poplar tree on the H. farm in said township."

Argued April 11, 1912. Appeal, No. 63, April T., 1912, by Robert F. Clever, from order of Q. S. Allegheny Co., Feb. T., 1910, No. 1, dismissing exceptions to report of viewers in re Petition for Public Road in the Township of Kennedy. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Reversed.

Exceptions to report of viewers.

The material exceptions were as follows:

1. The petition does not give the termini of the road prayed for according to law.

6. The report of the viewers shows that J. G. Chalfant did not fulfill and perform the duties of viewer as appointed, but constituted and appointed his deputy V. R. Covell, as viewer, who acted in his place and stead in viewing the ground and in making and signing the report, contrary to law.

7. The title of the Act of February 24, 1873, P. L. 155 (under which the county engineer constituted his deputy to act in his place and stead as viewer), to wit: "Relating to the office of surveyor and civil engineer for the county of Allegheny," does not clearly express or otherwise the purpose of the bill "that said county surveyor and engineer shall either in person or by deputy act as artist (construed to mean viewer also), in all road and bridge views and divisions of townships where the same may be ordered by the court," and is in violation of sec. 8 of art. XI, adopted as an amendment to the constitution of Pennsylvania in 1864, P. L. 1054.

The court dismissed the exceptions in an opinion by HAYMAKER, J.

*Errors assigned* were in the following form:

1. The petition (4a) does not show a definite point of beginning by giving exact distance from intersecting road, street or railroad already opened, as provided by Act of April 23, 1909, P. L. 142.

2. The petition (4a) does not show a definite point of ending by giving the exact distance from intersecting road, street or railroad already opened, as provided by Act of April 23, 1909, P. L. 142.

6. The special Act of February 24, 1873, P. L. 155, under which J. G. Chalfant, a viewer, deputized his assistant to act in his place and stead, is unconstitutional, as its title does not express the purpose of the bill (11a).

8. The court of quarter sessions erred in overruling and dismissing the exceptions and in confirming absolutely the report of viewers.

*Robert F. Clever,* for appellant.—Where neither petition nor report of viewer in road case shows definitely point of beginning and point of ending by giving exact distance from intersecting road, street or railroad already opened, as provided by Act of April 23, 1909, P. L. 142, report will be set aside on exception: Salisbury Twp. Road, 3 Lehigh County, 371; Fayette Twp. Road, 20 Pa. Dist. Rep. 171; Crescent Twp. Road, 18 Pa. Superior Ct. 160.

The act of 1873 is unconstitutional: Gilbert's Est., 227 Pa. 648; Stegmaier v. Jones, 203 Pa. 47; Allegheny County Home, 77 Pa. 77; Phœnixville Boro. Road, 109 Pa. 44; Mt. Joy Boro. v. Lancaster E. & M. Turnpike Co., 182 Pa. 581; Kucker v. Sunlight Oil & Gasoline Co., 230 Pa. 528.

*W. G. Crawford,* for appellee.—"Absolute precision is not required in designating termini; reasonable definiteness is necessary:" Kennedy Township Road Case, 40 Pa. Superior Ct. 70.

OPINION BY RICE, P. J., July 18, 1912:

One of the exceptions considered and overruled in In re Road in Sterrett Township, 114 Pa. 627, was that the report showed that the county surveyor did not act, but that his deputy acted in his place and stead, and that by reason thereof the view and report were defective. The assignment of error to the overruling of this exception was dismissed by the Supreme Court in the following language: "The 17th specification is without merit. The act of February 24th, 1873, relating to the office of surveyor and civil engineer for the county of Allegheny, provides that the county surveyor 'shall, either in person or by deputy, act as artist in all road and bridge views.' The report shows that the county surveyor's deputy did represent him as artist in this case. There appears to be no error in the record that vitiates the proceedings." It is true, the constitutionality of the act was not discussed in the opinion, and that the report of the case does not affirmatively show that it was discussed by counsel. But the assignment of error was broad enough to raise the question, and we are not convinced that, after such a lapse of time, during which the case, though cited many times, has remained unquestioned, we would be justified in assuming that the question of the constitutionality of the act was overlooked by court and counsel. Granting, however, that it was, and, therefore, that the case is not a binding precedent upon that question, still the sixth assignment of error in the present case should be overruled. It was declared very explicitly, in the recent case of Kucker v. Sunlight Oil & Gasoline Co., 230 Pa. 528, that, where an act is plainly in conflict with the organic law of the state, "old age cannot give it life and when the issue of its constitutionality is properly raised it must be declared void." But it was said, in the same connection, that a court should hesitate to declare a statute unconstitutional, and where it has been on the statute books for many years the hesitation should be all the greater. It is thus seen that the principle enunciated in the case is not

in conflict with what had been declared in Sugar Notch
Boro., 192 Pa. 349, as to the attitude which the court
should take in such cases. Upon this subject Justice
MITCHELL said: "In conclusion, it is not inappropriate to
direct attention to the fact that the act of 1887 has been
in operation for twelve years, has been twice previously
before this court, and has been the ground of action many
times before other courts without objection to its con-
stitutionality. It is rather late now to question it. While
these circumstances are not conclusive in its favor, yet
they are a strong argument that it is not so plainly re-
pugnant to the constitution as it must be to require a
court to overturn an act of the legislature." And these
remarks may be pertinently quoted here. This act has
been on the statute book for nearly forty years; as pointed
out in the opinion of the learned judge below, it has been
practiced under in Allegheny county, with the sanction of
the quarter sessions, during all that period; it was before
the Supreme Court in the case cited, and before this court
in Chartiers Creek Bridge, 48 Pa. Superior Ct. 106; and
in no reported case, in any of the courts, has objection to
its constitutionality been sustained. These considerations
do not preclude inquiry into the sufficiency of its title
even at this late day, but they are to be had in mind in
the determination of that question, as was wisely held in
both of the Supreme Court cases last cited and in other
cases. For, if the title is so plainly defective and repug-
nant to the constitutional amendment as is now contended,
it is at least a matter of surprise that the act has stood the
test of litigation so long. Moreover, it is to be noticed,
the title is not misleading; it invites inquiry into the body
of the act as to the functions and duties of the county
surveyor. All the cases recognize the distinction between
such a title and one which is misleading; and the general
rule is, that, where a title is not deceptive, and relates to
one subject, and is sufficient to put those interested on
inquiry as to the contents of the bill, the demand of the
constitution has been met, even though the various de-

tails by which the object of the bill is to be attained are not indicated by express mention of them in the title: Com. v. Darmska, 35 Pa. Superior Ct. 580, and cases there cited. Upon full consideration of all the legitimate arguments pro and con, we hold that the title of the act of 1873 is not so plainly defective and so plainly repugnant to the provisions of the constitutional amendment of 1864 as to justify us in declaring the act to be void. Therefore, the sixth assignment is overruled.

The third, fourth, fifth and seventh assignments are overruled for the reasons given in the opinion of Judge HAYMAKER.

The remaining assignments to be considered are the first and second. These raise the objection that the petition for the appointment of viewers did not comply with sec. 1 of the Act of April 23, 1909, P. L. 142. The section reads as follows: "That hereafter all petitions for the laying out or for the vacation of a public road, in any county of the commonwealth, shall fix definitely the point of beginning and the point of ending, mentioned in said petition, by giving the exact distance from an intersecting public road, street, or railroad, already opened." The petition for a road view under the act of 1836 lies at the foundation of all subsequent proceedings, and can state no more than the beginning and ending. "They are the initials which describe the proceeding, and limit the authority delegated by the court in its order to the viewers:" Road in Lower Merion, 58 Pa. 66. Reasonable certainty, therefore, in the description of the termini in the petition was always required. But prior to the act of 1909 mathematical precision was held not to be indispensable in all cases, and, as pointed out in Judge HAYMAKER's opinion, there were cases in which it was held that to describe a terminus as being "at or near" or "below or near" some natural or other monument or object, as, for instance, a spring, a tree, a barn, a house, the dividing line between lands, the intersection of roads, or upon land of an owner named, was sufficient: Kennedy Twp. Road, 40 Pa. Su-

perior Ct. 70. But it is apparent, from the preamble of the act of 1909, that, in view of the present policy of the commonwealth relative to the laying out and maintenance of public highways, the legislature deemed it necessary to require greater certainty in designating the termini, so that the relation of the road to other roads should more clearly and definitely appear. The section is undoubtedly mandatory, and the omission to comply with it, where it can be complied with, is fatal. The petition was for a public road "to lead from a point on the Pine Hollow Road near a bridge at or near the property of Robert Clever, Esq., in said township, to a point on the Pittsburg and Middletown Road at or near a poplar tree on the Hinheauer farm in said township." As the exact distance of each terminus from an intersecting public road, street, or railroad, already opened, is not given, the petition would seem not to conform to the requirements of the act, and, therefore, the proceedings were irregular from the beginning. But it has been argued in another case before us, involving the construction and application of the act of 1909, somewhat as follows: The grammatical meaning of the enacting language, without regard to its physical impossibilities, is that the public road, street, or railroad shall intersect the terminal points of the road proposed to be laid out or vacated; palpably only lines can intersect, therefore no road, street or railroad, already opened, can intersect the terminal points of a proposed road; hence, the first section of the act of 1909 enacts an impossibility, an absurdity, and means nothing. The conclusion at which this argument arrives, shows there must be a faulty premise, or a fault in the reasoning somewhere along the line. There is the strongest kind of presumption against the existence of that species of absurdity in the intention of the legislature which would consist in a design to defeat its own object. It is a cardinal rule that all statutes are to be so construed as to sustain, rather than ignore, them; to give them operation, if the language will permit, instead of treating them as meaningless:

Howard Association's App., 70 Pa. 344. These elementary principles are overlooked, we think, in the argument to which we have referred. It is fallacious in assuming, in the first place, that the grammatical meaning of the words is that the intersecting road is one, and only one, that intersects a terminal point of the road proposed to be laid out or vacated. Having regard to the purpose of the enactment, the words may be and should be construed as relating to, or at least including, a road, street or railroad which intersects the public road upon which the terminal point of the road proposed to be laid out is situated. We need not, in the present case, stop to inquire whether the word "intersect" is used in the literal sense of crossing, or in that sense as well as in the sense of touching and opening into. But that it refers to the crossing or joining or opening into the road upon which the terminal point is situated, we entertain no doubt. It is argued against this view of the statute, that the terminal point of a road need not always be in another road; but that consideration does not arise here. So far as appears, there is no reason why the statute could not have been complied with, in the present case, as to both termini, and, as it was not, we are constrained to sustain the first and second assignments of error.

The order is reversed and the proceedings are set aside.