## In re: Public Road in Roaring Brook Township— Appeal of Scranton Gas & Water Company.

*Roads—Road view—Report of viewers—Reasons for action—Review.*

Where a report of viewers reports against the opening of a proposed road, and gives as a reason therefor, matters which could not properly be considered by them in the investigation as to the necessity of the proposed road, the court can review such reasons, and when they are illegal or invalid, can set aside the report. Under such circumstances it is not error to set aside a report of review, when the amended report merely eliminated the reasons given in the first report, and did not show that additional hearings had been held or that the case had been considered de novo.

*Roads—Road view—Board of viewers—Composition of Act of June 23, 1911, P. L. 1123.*

To refer a report back to the same viewers who sat in the original view for review is not improper. The Act of June 23, 1911, P. L. 1123, provides for a permanent board of view and fixes the minimum number at three and the maximum at nine. Necessarily occasions will arise where the same viewers will be required to consider matters which they have passed upon heretofore.

*Roads—Road law—New road—Description—Termini—Act of April 23, 1909, P. L. 42.*

The Act of April 23, 1909, P. L. 42, requires that a petition for the laying out of a road shall fix definitely, the point of beginning and the point of ending, by giving the exact distance from an intersecting public road, and the report and draft upon confirmation shall be certified to the State highway department. The purpose of the act is to give that department the information required in order to have a complete system of the roads of the Commonwealth. Where a reference to the map, submitted in the case, removes any doubt as to the identity of the road, and the termini therein referred to, the requirements of the act are substantially complied with.

Argued March 4, 1919. Appeal, No. 23, March T., 1919, by Scranton Gas & Water Co., from the final order of the Court of Quarter Sessions of Lackawanna County, January Sess., 1915, No. 321, confirming report of viewers laying out new road in Roaring Brook Township, Lackawanna County. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Exceptions to report of viewers. Before NEWCOMB, J.

From the record it appeared that a petition was filed for the opening of a public road in the Township of Roaring Brook, to begin at a point in the public road leading from Scranton to Elmhurst, known as the Simonson Road, near the water trough, distant 7,720 feet westerly from the intersection of said road with the road leading from Spring Brook to Elmhurst, and extending thence in a southwesterly direction to a point in another public road leading from Spring Brook to Elmhurst, distant 2,015 feet from the intersection of said Spring Brook road with the road leading to Green Run. The petition was referred to the board of viewers of Lackawanna County, which reported against the necessity of the road, giving the reasons therefor, as quoted in the opinion of the Superior Court. The case was again referred to the board of viewers, who amended their report, omitting the reasons, but failing to hold any further investigation. The case was again referred to the board of viewers, which

reported in favor of the opening of the road. Exceptions were filed to the final report, which the court dismissed and subsequently confirmed the report. Exceptants appealed.

*Errors assigned* were in overruling exceptions and confirming the report.

*W. L. Hill,* of *Knapp, O'Malley, Hill & Harris,* and with him *Nathaniel H. Cowdrey,* for appellant.—The presumption was that the requirements of the statute had been complied with by the viewers in the second view: Road in Middle Creek and Union Townships, 9 Pa. 69; Schuylkill Falls Road, 2 Binn. 250; Spear's Road, 4 Binn. 174; Road to McCall's Ferry, 13 S. & R. 25.

The failure to definitely fix the termini of the road was a fatal defect: Portage Township Road, 50 Pa. Superior Ct. 626; Kennedy Township Road, 50 Pa. Superior Ct. 619; Snake Spring Road, 42 C. C. 15; Mt. Pleasant Road, 22 D. R. 765; Salisbury Township Road, 19 D. R. 1120; Overton Township Road, 43 Pa. Superior Ct. 273; Boyer's Road, 37 Pa. 257; Road in Providence Township, 18 D. R. 302; Road in Lower Merion, 58 Pa. 66.

*C. B. Price,* of *S. B., C. B. & J. H. Price,* for appellees. —Where viewers have erroneously been influenced by considerations, other than the necessity for the proposed road, the court may inquire into the fact and set the report aside: Girard Avenue, 11 Phila. 449; Benton Township Road, 41 Pa. Superior Ct. 57; Charleston Road, 2 Grant 467; Orr v. Warren Borough, 25 D. R. 906.

In passing upon the report of a road jury, the judge of the court of quarter sessions is vested with discretion to approve or disapprove the report: Benton Township Road, 41 Pa. Superior Ct. 57; Fretz's App., 15 Pa. 397; Paschall Street, 81 Pa. 118; North Union Twp. Road, 150 Pa. 512; Road in Scott and North Abington Twps.,

25 D. R. 1071, at 1072; Charleston Road, 2 Grant 467; Reber's Petition, 235 Pa. 622, at 629.

If there is a substantial conformity between the petition and the report, a defect in the description of either terminus is not necessarily fatal: Overton Township Road, 43 Pa. Superior Ct. 273, at 275; Kennedy Township Road, 40 Pa. Superior Ct., 70, at 72; Drumore Twp. Road, 49 Pa. Superior Ct. 493; Big Run Road, 47 Pa. Superior Ct. 166.

OPINION BY TREXLER, J., July 17, 1919:

The first report of viewers found that the proposed road was unnecessary. The reasons assigned were as follows: "Taking into consideration that fifty-five resident taxpayers from a total of sixty-three, including the supervisors, are against proposed road, and that said petitioners can now be and are now served by roads leading to said properties, providing said roads leading to said properties are put in condition by said Township of Roaring Brook, also that the cost, maintenance, purchase of lands, together with the fact that said township is now in debt for a considerable sum, said road is hereby refused." Exceptions were filed and the report was set aside. The court held that the only question before the viewers was the necessity for the road, that the reasons given by the viewers for their finding were such as were not tenable. They were dealing with matters which were not within the purview of the order of the court. Had they been content to report against the road without any comment the matter would assume a different phase, but having stated the reasons for their action the court could consider whether they were such as the viewers could legally base their finding on. We do not think the court erred in setting aside the report. It would be putting the administration of justice in shackles to hold that where on the face of the record, a conclusion reached was founded upon reasons indefensible in law, the court could not interfere and right matters. We find an analogy in license

cases where the refusal or granting of a license is within the discretion of the court of quarter sessions, and if no reason be given the action of the court is conclusive, but if the judge, granting or refusing the license gives reasons we will consider whether they are valid or not.

The report was set aside and the proceedings referred back to the reviewers for reconsideration and report according to law. The viewers thereupon, without having a hearing of the case at the place designated by the act, turned in the same report as before, finding the road unnecessary but merely omitted the reasons which they had theretofore given. The court held that this was not following its order. The reviewers could not merely recast the report but the reference back was for the purpose of a rehearing on the merits. There is no doubt that under the order of court the duty of the viewers was not merely to amend their form of report. The report being set aside, the viewers were to start afresh. The viewers erred in treating it as if it had been sent back for amendment: Cambria Street, 75 Pa. 357.

The reference back to the same viewers was not improper. The Act of 1911 provides for a permanent board of view and fixes the minimum number at three and the maximum at nine. Necessarily, occasions will arise where the same viewers will be required to consider matters which they had already before them. The act is constitutional: Reber's Petition, 235 Pa. 622, and Brown's Petition, 236 Pa. 3.

The objection is urged that the termini in the petition are not the same as in the report. For example, the one terminus fixes the location from the road leading from Springbrook to Elmhurst, while the report calls for a road from Green Run to Elmhurst. The reference to the plan removes any doubt as to the identity of the road and taking the petition and the plan, no one could have any doubt as to the location of the point referred to. The Act of April 23, 1909, P. L. 142, requires that the petition shall fix definitely the point of beginning and the point of

ending by giving the exact distance from an intersecting public road and the report and draft upon confirmation shall be certified to the State Highway Department. The purpose of the act is to give that department the information required in order to have a complete system of the roads of the Commonwealth. An examination of the papers in this case shows a substantial compliance with the act. The court correctly found that there was no variance.

As to the objection that the court disposed of the matter after the term to which the report was filed had passed and that no formal continuance was had from term to term, we think it is answered in Barr Township Road, 29 Pa. Superior Ct. 203. A continuance was not required as long as the matter was in the hands of the court for consideration.

The judgment is affirmed.