## Washington Township Road.

*Roads—Vacating—Petition—Report—Termini—Improvements—Notice— Acts of June 13, 1836, April 21, 1846, April 23, 1909, and May 28, 1913.*

1. It seems that the court has the same power, under section 1 of the Act of April 21, 1846, P. L. 416, to vacate roads "existing by prescription or lapse of time" as it possessed under the Act of June 13, 1836, P. L. 551.

2. While petitions for laying out or vacating roads, under the Act of April 23, 1909, P. L. 142, should definitely fix points of beginning and ending by giving exact distances from an intersecting public road, street or railroad already opened, a defect therein is cured by a report of viewers fixing with mathematical precision said termini.

3. Under section 3 of the Act of June 13, 1836, P. L. 551, where it appears that there may be improvements through which the road passes which are not shown on the plot or draft annexed to the viewers' report, the court will allow the exceptant to move for a reference back for amendment by noting improvements.

4. Where, under rule of court, it is required that notice be given "to the owners or occupants of the land along the route of the proposed road," the court would hesitate to confirm a report vacating a road of which an abutting owner had no notice, even though the rule refers only to the opening of a new road, especially since the Act of May 28, 1913, P. L. 368, which permits the recovery of damages for vacation of township roads; but where an abutting owner is a petitioner for vacation, no notice is required.

5. In Lehigh County the opening of roads is governed by local acts, and the damages are payable by the township, and, therefore, no notice to the county commissioners is required.

Exceptions to viewers' report.   Q. S. Lehigh Co.

*Thomas F. Diefenderfer* and *Oliver W. Frey,* for petitioners.

*Charles D. Thomas,* for exceptants.

RENO, J., May 15, 1922.—The petitioners prayed for the opening of a road in Washington Township "to lead from a point in a public road leading from Slatington to the Heidelberg Church and Saegersville, and beginning at a point about 16½ feet south of a hickory nut tree; thence on the north side of said public road leading from Oswald's Mill to Emerald, a distance of about 1200 feet, and extending thence to a point in the same mentioned public road to a point about 16½ feet south of a walnut stump in the said public road, being the ending of the proposed public road." They also prayed for the vacation "of that part of the public road now opened and used from the point of beginning and point of ending of the proposed new road, · · · which last mentioned portion of the public road will, by reason of the laying out of the proposed new road, become useless."

The viewers have returned a report and have laid out a new road, describing it as follows: "Beginning at an iron pin in the middle of the public road

leading from Best's Station to Slatington, said point being 16.5 feet south of a hickory tree located along the north side of said road, and 392 feet eastward from the intersection of said public road with a public road leading from Oswald's Mill to Slatedale; thence, through lands of Sarah Rauch and Benjamin and Edgar P. Miller, north 67 degrees 15 minutes east 1297.8 feet to an iron pin in the middle of first mentioned public road, the place of ending, said iron pin being 16.5 feet south of a walnut stump located along the north side of said public road and 1717.3 feet eastward from the intersection of the public roads above mentioned."

And have vacated a portion of the old road, describing the vacated part as follows: "Beginning at an iron pin in the middle of the public road leading from Best's Station to Slatington, said point being 392 feet eastward from the intersection of said public road with a public road leading from Oswald's Mill to Slatedale; thence along the middle of first mentioned public road north 72 degrees 20 minutes east 625.3 feet to a point; thence north 82 degrees 30 minutes east 200 feet to a point; thence north 63 degrees 30 minutes east 150 feet to a point; thence north 50 degrees 30 minutes east 350 feet to the place of ending, the same being 1717.3 feet east of the intersection hereinbefore mentioned."

To their report exceptions have been filed, which, with the depositions taken on behalf of the petitioners, are before us for disposition.

The first exception is: "The petition does not state the kind of road to be vacated." The contention is that, although the court is invested with power to vacate parts or the whole of public roads (that is, roads opened by authority of law), its power to vacate roads existing by prescription is limited, in that only the whole of a so-called prescriptive road may be vacated, and that, therefore, the petition to vacate part of a road must state whether it is a public or a prescriptive road which is to be vacated. But it will be observed that the petition states that the road to be vacated is a public road, and the exception is, therefore, without merit. Moreover, we think that the Act of April 21, 1846, § 1, P. L. 416, confers upon the court precisely the same power to vacate roads "existing by prescription or lapse of time" as it possesses under the Act of June 13, 1836, P. L. 551.

The second exception is that the petition does not conform to the Act of April 23, 1909, P. L. 142. That act requires that petitions for laying out or vacating roads shall definitely fix points of beginning and ending by giving exact distance from an intersecting public road, street or railroad already opened. The purpose of the act is to give the State Highway Department information in order that it may have a complete record of the system of roads of the Commonwealth: Roaring Brook Township Road, 72 Pa. Superior Ct. 447. The intersecting road referred to in the act means that road which intersects the public road upon which the terminal point of the proposed road is situated: Kennedy Township Road, 50 Pa. Superior Ct. 619. It will be observed that the petition does not fix the termini of the proposed road by reference to the intersecting roads of that road upon which the termini are located, but that the report states them with mathematical precision. Hence, we are confronted with the question whether the defect in the petition is cured by the report. Before the passage of the Act of 1909, it was sufficient to describe the termini with reasonable certainty: Lower Merion Township Road, 58 Pa. 66; O'Hara Township Road, 152 Pa. 319. The designation of a point "at" or "at or near" an object—as, for instance, a spring, a tree, a barn, a house, the dividing line between lands, the intersection of roads, or "upon" the land of an owner — was, prior to 1909, held to be reasonably definite:

2 D. & C.

## Washington Township Road.

Kennedy Township Road, 40 Pa. Superior Ct. 70. The designation of the termini, therefore, would have satisfied the requirements of the law prior to 1909. The purpose of the act being to provide the State Highway Department with information whereby it may show upon its "complete survey of all the roads of the State" those "roads opened or vacated since the surveys were made," and that information being supplied to the department through the certified copy of the report, with the accompanying draft, as provided for in section 2 of the Act of 1909, and not by the petition, the purpose of the legislation would seem to be entirely subserved if the distance of the termini from the intersecting road is fixed by the report. It is from the report that this information is gleaned, for no provision is made for certifying the petition to the department. This construction has not been adopted without consideration of the 1st section of the act, which expressly provides that the petition shall fix definitely the points, nor without consideration of those cases which hold that the provisions of the act are mandatory: Kennedy Township Road, 40 Pa. Superior Ct. 70; Portage Township Road, 50 Pa. Superior Ct. 626; Fayette Township Road, 20 Dist. R. 171; East Hempfield Township Road, 27 Dist. R. 41; Salisbury Township Road, 19 Dist. R. 1120; s. c., 3 Lehigh Co. L. J. 371. But in none of these cases does it appear that the report supplied the information which the petition lacked. It is fair to believe that, had the reports contained that information, the proceedings would not have been set aside. At least, the Roaring Brook Township Road Case, 72 Pa. Superior Ct. 447, recognizes that "a reference to the plan removes any doubt as to the identity of the road," and that a substantial compliance with the provisions of the act satisfies the purpose of its enactment. *Cf.* Sewickley Township Road, 23 Pa. Superior Ct. 170, where a grave defect of the petition was held to be cured by the report and draft. In any event, our construction follows the intention of the makers, which intention, being set forth in the preamble to the act, should be followed with judgment and discretion, even though the construction adopted may seem contrary to the letter of the act: Big Black Creek Improvement Co. *v.* Com., 94 Pa. 450; Turbett Township *v.* Port Royal Borough, 33 Pa. Superior Ct. 520. The literal construction of a statute has, in general, but a *prima facie* preference (Ritter *v.* Wray, 45 Pa. Superior Ct. 440), and the object being ascertainable will be construed with reference to the object rather than in accord with the letter: Com. *v.* Weber, 67 Pa. Superior Ct. 497.

The third exception is that the road is unnecessary. Without undertaking to decide now whether the finding of the viewers as to the necessity of the road is subject to review, it is sufficient to state, conceding that such power is conferred on us, that we are not convinced by the depositions that the road is unnecessary. Besides, a personal inspection has persuaded us that there is a great, if not an absolute, necessity for the road.

The fourth exception is disposed of by what we have said concerning the second exception.

We are obliged to sustain the fifth exception. Perhaps it is true, as alleged in the exception, that not all improvements along the line of the proposed road are noted upon the draft or the report. The Act of June 13, 1836, § 3, P. L. 551, requires that the viewers shall "annex a plot or draft" to their report, "noting briefly the improvements through which it may pass." It will be observed that the law does not require that it should be mentioned, either in the report or on the draft, that there are no improvements: O'Hara Township Road, 152 Pa. 319; and the omission to note improvements will be interpreted to mean that there are no improvements: Palmer Township Road, 109 Pa.

### Washington Township Road.

274; Sterrett Township Road, 114 Pa. 627. But when the report or the depositions taken upon the exceptions disclose that there are unnoted improvements, the court must refuse to confirm the report: O'Hara Township Road, 152 Pa. 319. It appears from the depositions that there are "improvements of the Miller boys on the south" side of the proposed road, which is said to be shown on the draft, and is evidently the structure shown thereon. It is also said that the land along the road is arable farm land, cleared, except some underbrush along the fence of the Rauch and Miller properties. Fences, buildings and clearings upon land inclosed by fences are improvements (Upper Darby Township Road, 15 Pa. Superior Ct. 652; Quemahoning Township Road, 27 Pa. Superior Ct. 150), and the report and draft should note these. We are not now deciding that there are improvements which have not been noted. All that we decide is that the depositions tend to prove the existence of unnoted improvements, which, if they do exist, should be noted. Following the practice in Springdale Township Road, 91 Pa. 260, we shall frame our order so that, if the exceptant insists, the report and draft may be amended by the viewers in this respect.

The sixth exception alleges that the report does not note all the owners of land adjacent to the route. The proof is that all owners are shown upon the draft except C. P. Oswald, who owns a small parcel of land abutting on the vacated road. Our rules require notice only "to the owners or occupants of the land along the route of the proposed road:" Rules of Court XI, par. 2. This, of course, refers only to the opening of a new road and ex proprio vigore does not apply to the vacation of existing roads. But the vacation of a road, unlike the opening, is addressed to the discretion of the court (Newville Road, 8 Watts, 172; Abington Road, 3 Dist. R. 226), and whether required or not by the original acts, we would not, especially since the Act of May 28, 1913, P. L. 368, which permits the recovery of damages for the vacation of township roads, confirm a report vacating a street of which an abutting owner had no notice. Cf. South Abington Township Road, 109 Pa. 118. But where the abutting owner is a petitioner for the vacation, as here, there is no need for personal notice, and none will be required.

The seventh exception is without merit and requires no discussion. There is ample proof of the posting of a notice of the view and of the service thereof upon the owners of the property through which the proposed road is to be opened.

The eighth exception is that "the designation of the road in the report does not correspond with that in the petition and notice of view." But the proof is that the petition and the report describe exactly the same road, although in different terms, the report being more specific and definite than the petition.

The ninth exception complains of the omission to notify the county commissioners of the view. The opening of roads in Lehigh County is governed by local acts. (See list of acts in Wagner v. Salzburg Township, 132 Pa. 636.) The damages are payable by the township in which the road is opened. Hence, the county commissioners are not parties to the proceeding and notices of views are not required.

The tenth exception was not pressed at the argument and need not be discussed.

Now, May 15, 1922, reserving to the exceptant the right, within twenty days from the date of service of a copy of this order upon him by the Clerk of the Quarter Sessions, to move for a reference of the report of the viewers back for amendment by noting improvements, the exceptions are dismissed.

From James L. Schaadt, Allentown, Pa.