## In re Public Road, from Lincoln Highway to Maple Avenue.

*Road viewers—Adverse report — New petition—Termini—Amendment—Rule of Court xi, sections 1, 2, 3, 10—Acts of May 25, 1907, and April 23, 1909.*

1. Viewers will not be appointed for the laying out of a public road which is presumably a substantial part of the proposed road upon which viewers have reported adversely on the day when the new petition is presented, as the Act of May 25, 1907, P. L. 233, and the rule of court provide that a second proceeding for a contemplated road shall not be received or acted upon for two years from the time of entering a final decree in the earlier proceeding.

2. Where a terminus of a proposed road is not fixed in the petition, as required by the Act of April 23, 1909, P. L. 142, the petition, being invalid, cannot be amended after the expiration of the time fixed by rule of court for presentation of petitions for viewers, such amendment being in effect a new proceeding.

Rules to appoint viewers, to amend as to southern terminus, and to amend as to northern terminus. Q. S. Lancaster Co., April Sess., 1927, Minutes 180.

*Fred. S. Miller, Charles L. Miller* and *John M. Groff,* for rules.

*John A. Coyle,* contra.

HENRY, P. J., 52nd judicial district, specially presiding, Nov. 21, 1927.—Two questions are involved in the three rules before us:

First. Where act of assembly and court rule provide that a second proceeding for a contemplated road shall not be received or acted upon for two years from the time of entering a final decree in the earlier proceeding, will the court entertain a petition and appoint viewers for the laying out of a public road which is presumably a substantial part of the proposed road upon which viewers have reported adversely on the day the new petition is presented? And

Secondly. Where a terminus of the proposed road is not fixed as required by the act of assembly, can the petition be amended after the expiration of the time fixed by court rule for the presentation of petitions for the appointment of viewers to lay out a public road?

On April 18, 1927, viewers reported adversely upon a petition to lay out a public road in Lancaster Township from a fixed point of beginning on the south side of the Lancaster and Columbia Turnpike, running thence southwardly to a fixed point of ending in a public road, known as the Abbeville Road or Herr's Lane; and on the same day a petition, signed by a few of those who signed the first petition, but mostly signed by others, was presented, asking for the appointment of viewers to lay out a public road from the same point of beginning as in the prior petition, and running thence southwardly, but ending at "the north side of Maple Avenue as now laid out and dedicated," upon which a rule issued to show cause why viewers should not be appointed. To this rule an answer was filed, setting forth, *inter alia,* that the termini of the proposed road were not sufficiently fixed in the petition; that the petition asks for the laying out of the same road, or a substantial part thereof, against which the viewers had reported adversely, and that the petition could not be entertained because in violation of the rule of court which prohibits the bringing of a new petition within two years from the rejection or adverse report upon a petition for the opening of the same road, or a substantial part thereof.

Rule 11, section 10, of the Rules of the Quarter Sessions Court of this county provides that "where a procedure for the road or bridge is filed, another application for such contemplated road or bridge shall not be received or acted upon for two years from the term at which such road or bridge was

finally rejected. This, however, shall not apply to any case where the report is set aside for informality." This rule accords with the Act of Assembly of May 25, 1907, P. L. 233, which provides that "in all cases where the action of the court or grand jury shall be adverse to the grant of the new road or bridge, no new petition to view the same site, or one substantially the same, shall be granted by the court until after the expiration of two years from the final decree of the court on the former application."

The road proposed in the second petition begins at the same point as that in the former proceeding, and from there runs in the same direction, but the ending point of the road proposed in the second petition is somewhere between the beginning and ending points of the first petition. From the draft submitted to the court at the time of the argument, it is very evident that the only practicable way of laying out the road under the second petition is to cover precisely the same ground as would have been covered in the first proceeding, and counsel for the petitioners frankly admitted this to be so, so that the second petition is for the opening of substantially a part of the same road as that embraced within the first petition. The conclusion follows that the second proceeding is an attempted evasion of the quoted rule and act of assembly, by changing one of the termini of the proposed road. It is true a proposed road is only recognized by its termini, but where, as here, the proposed roads begin at the same point and run in the same direction, and, as a matter of fact, are already opened and being used as streets, it is very apparent that both must be laid out in part over the same ground. The petitioners rely upon Towamencin Road, 10 Pa. 195, and Franconia Township Road, 78 Pa. 316, to sustain the second petition, taking the position that, under these decisions, a proceeding for a proposed road has not "finally failed" until it has been disapproved by succeeding viewers with the concurrence of the court, and with the two years only beginning to run from such final failure, new petitions may be presented pending the beginning of the two-year period. In both of these cases the proceeding was set aside for technical defects; but there was no adverse report upon the merits, and, of course, the rule of court or act of assembly would not apply, and, consequently, they are not authority in the present case, excepting as the *dictum* of the court might be suggestive of its views. The position taken by the petitioners as to the effect to be given to said rule and statute is wholly untenable. The purpose of the rule and statute is to prevent continued and vexatious petitions for the opening of the same proposed road, and this law must be given a reasonable interpretation to effect this purpose. Irrespective of the rule and act of assembly, we would hold that there could be no new proceeding for the opening of the road while a prior proceeding for the opening of a substantial part of the same road has not met final disposition, and our conclusion is that such second proceeding cannot be entertained by the court until the first proceeding has been finally rejected and for a period of two years thereafter.

The second question raised is also conclusive against the petitioners. The Act of April 23, 1909, P. L. 142, provides that all petitions for the laying out of a public road "shall fix definitely the point of beginning and the point of ending, mentioned in said petition, by giving the exact distance from an intersecting public road, street or railroad already opened." The second petition was filed April 18, 1927, and did not fix the ending point, as required by the Act of 1909, so that the petition was fatally defective in lacking this jurisdictional fact. On June 20, 1927, petitioners offered an amendment, in which the ending point was definitely fixed, as required by the said act of

In re Public Road, from Lincoln Highway to Maple Avenue.

assembly, whereupon a rule issued, to which an answer was filed. Subsequently, a second petition to amend was presented for the purpose of further clarifying the beginning and ending points of the proposed road, upon which another rule issued, to which no answer has been filed. It is urged that the amendments cannot be allowed because of Rule 11, sections 1, 2 and 3, of the Rules of Court, which provide that petitions for the opening of public roads "shall be presented during the first two weeks of the regular term of court, and no petition will be heard at any of the adjourned sittings of the court." The petitions to amend were not presented during the first two weeks of the regular term of court at which the original petition was presented, and, therefore, cannot be received, under this rule, because the first petition was defective in substance, lacking an essential jurisdictional fact, and, therefore, invalid, and any attempt to amend it would have to be brought within the two weeks' period for the presentation of petitions for the opening of public roads, for in effect the amendment made it a new proceeding: Beaver Township Road, 29 Dist. R. 675; Adamstown Borough Road, 14 Lanc. Bar, 66; Kennedy Township Road, 50 Pa. Superior Ct. 619, 625.

In Forst's License, 208 Pa. 578, 580, it was held that a proceeding which lacked essential jurisdictional facts was not amendable after the time in which, under the statute, the original petition must be filed.

And now, to wit, Nov. 11, 1927, the rule to show cause why viewers should not be appointed is discharged. The rule granted June 20, 1927, to show cause why an amendment to the petition should not be allowed is discharged. The rule granted Sept. 3, 1927, to show cause why the second amendment should not be allowed is discharged.

From George Ross Eshleman, Lancaster, Pa.