## East Hopewell Township Road

*Harvey A. Gross*, for petitioners; *James G. Glessner*, for exceptants.

SHERWOOD, J., December 14, 1931.—On July 6, 1931, residents of East Hopewell Township presented their petition, representing that a certain public road in said township had become useless, inconvenient and burdensome to the inhabitants of the township, and praying that said road be vacated and that viewers be appointed for this purpose. Viewers were appointed on the same date and their report was duly filed on August 26, 1931, recommending that said road be vacated, said report being confirmed nisi by the court.

Two sets of exceptions were filed, one by Louis Wallace, a property owner along the road proposed to be vacated, and the other by A. M. Grove and John M. Wilson, citizens and taxpayers of East Hopewell Township. The exceptions filed by Louis Wallace are as follows:

1. The petition is defective in that the point of beginning and the point of ending were not definitely fixed by any stake or mark upon the ground.

2. No notice was posted by the viewers, as required by the rules of court.

3. The notices posted and served do not state the purpose for which said viewers were meeting, whether to view and vacate a road or view and lay out a new road or view and vacate a part and lay out a new road, and is indefinite and gives no information as to the purpose of said view.

4. The report of said viewers does not fix definitely the beginning nor the ending of said road at any particular stake, pin or other definite and fixed point.

5. The vacation of said road leaves a certain public road leading from the "Kentuck Hill Road" to the road vacated without an ending at any public place or public road.

6. The facts set forth by the viewers, as reasons for vacating said road, are conditions caused by the neglect and refusal of the supervisors of said township to maintain and keep said road in repair.

7. The said viewers made no effort to obtain a release for damages from the petitioner.

760

Those filed by A. M. Grove and John M. Wilson are identical with exceptions one, four, five, six and seven filed by Louis Wallace.

The first and fourth exceptions relate to the defectiveness of the petition and viewers' report, in that it is alleged that they do not definitely fix the point of beginning and the point of ending by any stake or mark upon the ground. The points of beginning and ending are the initials which describe the proceeding and limit the authority delegated by the court in its orders to the viewers: Road in Lower Merion, 58 Pa. 66. Reasonable certainty in the description of the termini in the petition was always required. This was the law prior to the Act of April 23, 1909, P. L. 142. This act provides that petitions for laying out or vacating public roads shall fix definitely the point of beginning and the point of ending in said petition by giving the exact distance from an intersecting public road, street or railroad already opened. The petition and viewers' report show that this act of assembly has been complied with. The draft accompanying it clearly sets forth the points of beginning and ending. There is no uncertainty about either point. It removes any doubt as to the identity of the road, and taking the petition and the prayer, no one could have any doubt as to the location of the points referred to: Kennedy Township Road, 50 Pa. Superior Ct. 619, 624; In re Public Road in Roaring Brook Township, 72 Pa. Superior Ct. 447. It, therefore, follows that these exceptions must be dismissed.

Exception five relates to the fact that the vacation of the road in question leaves a certain public road leading from the "Kentuck Hill Road" to the road vacated without an ending at any public place or public road. Counsel cites no authority for this position. We do not feel that this is a valid reason for setting aside the report of viewers who have determined that the road in question has become unnecessary for public travel. We, therefore, dismiss this exception.

Exception six is that the facts set forth by the viewers as a reason for vacating said road are conditions caused by the neglect and refusal of the supervisors of said township to maintain and keep said road in repair. Even if this be true, we see no reason in this exception for setting aside the report of viewers; they having found as a fact that the road has become burdensome and unnecessary. The report shows that the testimony of a large number of persons was heard by the viewers on this question, and their conclusion is that the road is no longer necessary for the traveling public. No testimony was submitted by the exceptants to contradict this fact. It, therefore, follows that this exception must be dismissed.

Exception seven relates to the fact that the said viewers made no effort to obtain a release for damages from the exceptants. The viewers' report shows that they ascertained the names of the landowners along the route of the road vacated and made efforts to obtain releases for damages from said landowners, and then proceeded to assess damages according to law, finding that the advantages derived by said landowners were such that the benefits equaled the damages and, therefore, assessed no damages. No testimony has been presented by exceptants to controvert this fact. It follows that this exception must be dismissed.

Exceptions two and three relate to the character of the notices that were posted along said road. Exceptants do not complain that these notices were not placed at proper points along said road, but contend that the notices given did not inform the property owners and the general public as to the object of the meeting of viewers; Wallace's contention being that he was not present at the view or any of the meetings and hence could not be affected if there was no proper or legal notice given setting forth the duties of the viewers, and hence the report must be set aside. With this contention we do not agree. The answer

to this exception is that our local rules of court do not require any notice to be posted in a proceeding of this character. The only rule of court on the subject is Rule 306 and it specifically refers to the notices provided by the second section of the York County Act of February 17, 1860, P. L. 61, and the notice required by that act refers only to the viewing and laying out of new roads. It is true that the notices posted did not specifically give notice that the purpose of the view was the vacation of the road; the notices averred their appointment, the location of the road in question and that they would meet at a definite time for the discharge of their duties. Even if notice was required, we feel that this was sufficient. The petition for the vacation of the road was a public record filed in this court. The notice of the view referred to that record. Anyone interested could ascertain by due inquiry the duties of the viewers. It follows that these exceptions must be dismissed.

And now, to wit, December 14, 1931, the exceptions filed by Louis Wallace, A. M. Grove and John M. Wilson to the report of the viewers, in Road Case No. 16, of April Sessions, 1931, are dismissed and the report of the viewers is confirmed absolutely.               From George Hay Kain, York, Pa.